[Civ. No. 10592.    Third Dist.    May 15, 1963.]

Estate of HARRY AUSLENDER, Deceased. MORRIS AUSLEN, as Administrator, etc., et al., Petitioners and Respondents, v. HARRY AUSLEN, Objector and Appellant.

[Civ. No. 10653.    Third Dist.    May 15, 1963.]

Estate of HARRY AUSLENDER, Deceased. HARRY AUSLEN, Petitioner and Appellant, v. MORRIS AUSLEN, as Administrator, etc., Objector and Respondent.

(Consolidated Cases.)

Eisner & Titchell and Haskell Titchell for Appellant.

Leonard S. Lurie for Respondents.

SCHOTTKY, J.—These are appeals from separate orders of the superior court sitting in probate in the estate of Harry Auslender, deceased. The cases were consolidated for decision in this court.

The appeal in number 10592 is concerned with the following paragraphs of an order entered April 3, 1962:

"4. The Report and Second Account of Morris Auslen as Administrator, is hereby settled, allowed and approved in all respects as filed and presented, save and except for the sum of Five Dollars ($5.00), which is hereby surcharged to said Morris Auslen, as Administrator; this court finding that in

all other respects the said report and account is true, accurate and correct, and supported by proper vouchers on file. The objections of Harry Auslen to said Report and Second Account are hereby overruled.''

''6. The Petition of Morris Auslen, both as Administrator and as Heir at Law of Decedent, To Determine Heirship, is hereby granted in all respects as filed, and this court now finds that the allegations of said petition, and each of them, are true, that the Celia Appelbaum Trust was terminated on January 19, 1959, in accordance with its provisions and ever since said date said trust has been a naked, dry and passive trust, and should be disregarded in the determination of those persons who are entitled to any further distribution of this estate; that the persons who are presently entitled to distribution of any further assets of the estate without intervention of said trust, and their respective interests in said estate are as follows:

William Auslen, Jr., a 10% interest therein
Kate Auslen Abrahams, a 20% interest therein
Pauline Auslen Lurie, a 20% interest therein
Morris Auslen, a 20% interest therein
Harry Auslen, a 10% interest therein
the estate of William Auslen (Senior), deceased
Donald Harry Auslen, a 5% interest therein
Richard M. Auslen, a 5% interest therein

''10. Harry Auslen, as Trustee of the Celia Appelbaum trust, is hereby directed and ordered to file a further accounting and to present the same for settlement herein as Trustee of said trust within thirty (30) days from date of this Order.''

█   As to this appeal both parties agree that by virtue of the decision of the Supreme Court in *Auslen* v. *Superior Court*, 58 Cal.2d 821 [27 Cal.Rptr. 8, 377 P.2d 72], paragraphs 6 and 10 of the order must be reversed because the Superior Court of Sacramento County acted in excess of its jurisdiction in purporting to exercise jurisdiction of the trust. It is clear that paragraphs 6 and 10 of the order must be reversed.

Appellant Harry Auslen also seeks to have this court reverse or revise paragraph 4 because the report which the court approved discussed matters pertaining to the Celia Appelbaum Trust. Essentially, paragraph 4 was concerned with an accounting which was approved. Any statements in the report concerning the trust do not, of course, affect the validity

of the accounting which was an interim accounting. Any implications that the trial court approved any statements in the report pertaining to the trust are really of no effect since the Supreme Court held the trial court had no jurisdiction over the trust. Any questions in the report as to final distribution of the estate would not be binding on the trial court and would not preclude the court from ordering distribution when the taxes are paid. Therefore it is not necessary to reverse or revise paragraph 4.

The appeal in Number 10653 is concerned solely with the following paragraph 6 of an order dated June 12, 1962:

"6. Harry Auslen is hereby found guilty of contempt of this court by his failure to comply with the order and directive of this court which appears in Paragraph 10 of the order dated and filed April 3, 1962, nunc pro tunc as of March 15, 1962, the date said order was orally made and entered in open court, and which reads as follows:

" '10. Harry Auslen, as Trustee of the Celia Appelbaum Trust, is hereby directed and ordered to file a further accounting and to present the same for settlement herein as Trustee of said trust within thirty (30) days from date of this Order.'

"And it is further ordered that until he shall comply with the said directive and order, and purge himself of said contempt, said Harry Auslen shall be and hereby is denied the privilege of applying to this Court for any further relief in these proceedings."

Since the court had no jurisdiction of the Celia Appelbaum Trust any order pertaining to that trust is void and must be reversed.

The order of April 3, 1962, is reversed as to paragraphs 6 and 10 and in all other respects it is affirmed. The order of June 12, 1962, is reversed as to paragraph 6 only.

Pierce, P. J., and Friedman, J., concurred.