[Civ. No. 66117. Second Dist., Div. Five. Mar. 21, 1983.]

RUTH A. KESSLER, by her Conservator, etc., Plaintiff and Appellant, v. RALPH KESSLER, Defendant and Respondent.

**COUNSEL**

Eisenberg & Kibre, Joseph Kibre and Donald S. Eisenberg for Plaintiff and Appellant.

David S. Smith and Lee S. Smith for Defendant and Respondent.

**OPINION**

**HASTINGS, J.**—The superior court granted respondent Ralph Kessler's motion to vacate entry of a sister state judgment. Ira J. Lefton, as the committee of the person and property of Ruth Kessler, appeals. For purposes of this opinion we will refer to Ruth Kessler as appellant.

Respondent and appellant, while married, were residents of the State of New York. In January 1973 in said state they signed a separation agreement, which stated that "for all purposes, this agreement shall be enforceable in and shall be construed in accordance with the laws of the State of New York." The agree-

ment provided for support payments from respondent to appellant which respondent honored until 1976. He then ceased making further payments. Respondent moved from New York to California in August 1973 and since then has continuously been a resident of this state, domiciled within the County of Los Angeles.

In 1977 appellant was declared incompetent to manage her own affairs and a committee (conservatorship) was established for her in New York. Mr. Lefton was appointed as her conservator. In June 1980 he commenced an action in New York against respondent to recover sums due appellant under the separation agreement. Respondent was personally served with a summons and complaint by a Los Angeles deputy sheriff.[1] He did not appear in the New York action and following notice of default duly served on him, a default judgment was entered in the sum of $65,765.50, plus interest and costs. A copy of that judgment was served on respondent on November 24, 1980.

On February 3, 1981, and March 5, 1981, respectively, Mr. Lefton, in propria persona, filed an application and amended application for entry of judgment on sister state judgment. Mr. Lefton, an attorney in New York, is not licensed to practice law in California. The application was filed on behalf of Ruth Kessler.

The New York judgment was entered in California pursuant to Code of Civil Procedure section 1710.25.[2] Respondent then moved to vacate this judgment on the ground that New York lacked in personam jurisdiction over him and notice of this motion was received by Mr. Lefton in New York on May 15, 1981. He immediately mailed to the superior court an affidavit in opposition. The matter was continued by the court in order to enable Mr. Lefton to submit points and authorities in opposition to the motion, which he did. He did not appear at the hearing on July 20, but submitted the issue on the authorities presented. The court heard the matter on that day and vacated the judgment. The minute order states: "This Court finds that 'Long Arm Statute' of sister state of New York did not confer jurisdiction over defendant . . . In addition Court on its own motion strikes plaintiff's pleadings in their entirety in that attorney for plaintiff is not licensed to practice law in the State of California and therefore cannot represent the plaintiff before the California courts. (*City of Downey* v. *Johnson,* 263 Cal.App.2d at 775.)"

On receiving notice of the court's ruling, appellant retained California counsel who moved to set aside the court's order vacating the California judgment based on the sister state judgment. The motion was denied.

---

[1]Respondent did not challenge the validity of the personal service in his motion to vacate the judgment. The motion was based solely on two grounds, namely that New York did not have jurisdiction under the long-arm statute and he was not indebted to appellant.

[2]Unless otherwise stated all code sections refer to the California Code of Civil Procedure.

Approximately one month before the California court vacated entry of judgment, appellant was adjudged competent. Appellant now appeals from the July 20, 1981, judgment vacating the California judgment based on the New York judgment and also appeals from the September 21, 1981, denial of her motion to set aside the earlier judgment.

## DISCUSSION

For reasons given later in this opinion we do not address the court's ruling on the "long-arm statute" issue. ■ Instead, we address the propriety of the court's striking plaintiff's pleadings in their entirety on its own motion because the attorney for plaintiff was not licensed to practice law in the State of California. The Sister State and Foreign Money Judgments Act (Code Civ. Proc., §§ 1710.10-1710.65) provides a simple and efficient method for enforcing money judgments of sister states. (See *Liebow* v. *Superior Court* (1981) 120 Cal.App.3d 573 [175 Cal.Rptr. 26].) The superior court has a form entitled "Application for Entry of Judgment on Sister State Judgment" which was designed to facilitate entry of such a judgment. Mr. Lefton, as conservator for appellant, completed this form and filed it with the court. Based upon this application, the clerk entered the judgment as authorized by section 1710.25. Thereafter, respondent filed his motion to vacate and set aside the judgment. Upon notice of this motion Mr. Lefton, with the court's permission, filed with the court numerous affidavits in opposition to the motion along with points and authorities.

Section 1710.15, subdivision (a) provides: "A judgment creditor may apply for the entry of a judgment based on a sister state judgment by filing an application with a superior court . . . ." There is no requirement in the section nor in any of the other sections dealing with entry of a sister state judgment that requires the filing of the application by an attorney for the judgment creditor. We conclude a judgment creditor could file an application under section 1710.15 in pro. per. and satisfy the requirements. If an individual creditor has a conservator of his or her own estate, it logically follows that the conservator could and should file the application on behalf of the conservatee. Our conclusion is supported by reasoning found in *Tom Thumb Glove Co.* v. *Han* (1978) 78 Cal. App.3d 1 [144 Cal.Rptr. 30], where the plaintiff corporation, acting in pro. per., had filed a section 1710.15, subdivision (a) form request. Relying on the rule that a corporation can appear in court only through a licensed attorney, defendant argued that both the application and the entry of the judgment were void. The opinion rejects this argument. After explaining why sections 1710.10-1710.65 provide a simple and efficient method for enforcing sister state judgments, the court notes: "The optional procedure was intended to offer savings in time and money to both courts and judgment creditors, yet, at the same time, remain fair to the judgment debtor by affording him the op-

portunity to assert any defense that he could assert under the traditional procedure. [Citations.] If a corporate judgment creditor is required to retain the services of counsel in order to make an application for the entry of judgment on a sister state judgment, the legislative purpose of the act would be to some extent lost for that group of creditors.

"Entry by the clerk of a judgment based on the application is mandatory upon the filing of the application. (Code Civ. Proc., § 1710.25.) Entry of the judgment is a ministerial act of the clerk, not a judicial act of the court. (See *id.*; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 49, p. 3214.) Thus the application merely requests the clerk to perform a ministerial duty; it is not an 'appearance' for the purpose of obtaining any ruling or order of the court going to the merits of the case. If the judgment debtor does not contest the matter, the judgment will be entered and the application will have served its purpose, all without any judicial act having been performed by the court. Of course, if the judgment debtor contests the matter by making a motion to vacate the judgment, a corporate judgment creditor properly could argue against the motion before the court only through an attorney. [Citations.]" (78 Cal.App.3d at pp. 7-8.)

In *City of Downey* v. *Johnson* (1968) 263 Cal.App.2d 775 [69 Cal.Rptr. 830], this court held that a nonlawyer, even though he was the conservator of an estate, did not have the right in propria persona to appear and conduct trial proceedings in his representative capacity. Relying on this case the trial court on its own motion struck plaintiff's entire proceedings. However, before doing so, at Mr. Lefton's request, it had permitted him to file opposition papers to respondent's motion to vacate, and had even continued the matter to enable him to do so. It does not appear from the record that the court gave prior notice to Mr. Lefton that it was going to strike all of the pleadings based upon *City of Downey* v. *Johnson, supra.* Had the court done so, Mr. Lefton obviously would have retained a California attorney, which appellant subsequently did when she received notice of the court's ruling. For the reasons stated above, the court erred in setting aside the "Application for Entry of Judgment on Sister State Judgment" based upon the authority of *City of Downey* v. *Johnson, supra.* The judgment was properly entered and could only have been vacated after a full hearing on the merits of the issues raised under the motion to vacate. By striking all of appellant's pleadings the matter was in effect tried as a default.

We are satisfied that appellant is entitled to a full hearing with the help of California counsel, which she now has. Under the facts as enumerated, justice and fair play require such a ruling. If the New York judgment is valid, then appellant is entitled to entry of this judgment as a California judgment pursuant to section 1710.25. If on the other hand it is invalid for any reason, then she should not prevail. On remand the superior court is ordered to allow appellant's

California attorney time to respond to respondent's motion to vacate the sister state judgment entered by the clerk of the court. The matter shall then be fully tried on the merits.

The judgment vacating the California judgment entered under section 1710.25 is reversed and the matter remanded for further proceedings consistent with the views expressed herein. Both parties to assume their own costs on appeal.

Feinerman, P. J., and Stephens, J., concurred.