[No. D013434. Fourth Dist., Div. One. Nov. 1, 1991.]

ASPEN INTERNATIONAL CAPITAL CORPORATION, Plaintiff and Respondent, v.
NICOLAS MARSCH III et al., Defendants and Appellants.

## COUNSEL

Gray, Cary, Ames & Frye, Kenneth S. Klein and Brian A. Foster for Defendants and Appellants.

Sulzner & Belsky, Rebecca Donaldson and Bruce E. Sulzner for Plaintiff and Respondent.

## OPINION

**WORK, Acting P. J.**—Nicolas Marsch III and Cal-Colorado Investors, a California general partnership (collectively Marsch) appeal an order amending the California judgment entered upon a Colorado judgment pursuant to

the California Sister State Money Judgments Act (Act) (Code Civ. Proc.,[1] § 1710.10 et seq.) in favor of Aspen International Capital Corporation (Aspen) to include additional costs and attorney's fees incurred in the collection of the judgment. Marsch contends the superior court was without jurisdiction to amend the judgment and alternatively, even if it did have jurisdiction, there exists no statutory authority allowing the court to award attorney's fees incurred in enforcing a California judgment. Finally, Marsch asserts that regardless of whether the court had postjudgment jurisdiction and authority, that power ceased upon his satisfaction of the entered judgment, rendering Aspen's request untimely. As we shall explain, we conclude Marsch's assertions are meritless and affirm the order with directions the trial court further amend the judgment to include reasonable attorney's fees incurred on appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 18, 1989, Aspen obtained the entry of a judgment against Marsch for defaulting on a settlement agreement and promissory note executed between the parties. The Colorado judgment was entered in the Ninth District Court for Pitkin County, Colorado, for principal in the amount of $45,000, interest of $1,590.57 to December 15, 1988, costs of $238, and attorney's fees of $1,750, with penalty interest accruing from December 15, 1988, at the rate of $28.98 per day. The Colorado judgment expressly provided for the recovery of "such addition[al] costs and attorneys' fees as may be accrued in connection with the ultimate collection of monies due Plaintiff from the Defendants." On September 8, 1989, Aspen applied and obtained entry of the Colorado judgment under the Act in the sum of $56,404.25, representing the aggregate of the principal, interest, costs and attorney's fees awarded by the Colorado court. On May 21, 1990, Marsch paid the final of four installments covering the amount entered on the Colorado judgment plus accrued interest. However, Marsch had not paid any costs or attorney's fees incurred in the collection of the judgment.

On May 25, Aspen filed a memorandum of costs seeking $1,080.55. On June 13, Aspen moved to amend the judgment to include the costs and attorney's fees incurred in collecting the Colorado judgment, simultaneously moving to delay entry of satisfaction of the judgment. On July 3, Aspen's motions were granted. On July 16, the court ordered the sister state judgment to be amended to include costs of $1,080.55 and attorney's fees of $15,041.91. On September 23, Marsch timely filed a notice of appeal from that order amending the sister state judgment.

---

[1] All statutory references are to the Code of Civil Procedure.

## Governing Law—The Act

■ The Colorado money judgment here was entered pursuant to the Act, which was enacted to provide:

"[A] simpler and more efficient method of enforcing [sister-state] judgments than the traditional action on the judgment. The registration procedure established by the act is designed to allow parties to avoid the normal trappings of an original action, e.g., the necessity for pleadings. The optional procedure was intended to offer savings in time and money to both courts and judgment creditors, yet, at the same time, remain fair to the judgment debtor by affording him the opportunity to assert any defense that he could assert under the traditional procedure." (*Tom Thumb Glove Co.* v. *Han* (1978) 78 Cal.App.3d 1, 7 [144 Cal.Rptr. 30]; *Liebow* v. *Superior Court* (1981) 120 Cal.App.3d 573, 575 [175 Cal.Rptr. 26]; 8 Witkin, Cal. Procedure (3d ed. 1985) Enforcement of Judgment, § 406, pp. 346-347.) In other words, the Act provides a judgment creditor with the right to enforce a sister state monetary judgment as if it were a California judgment against the judgment debtor. Upon simple application in conformance with the Act (§§ 1710.15, 1710.20), entry by the clerk of a judgment based upon the application is mandatory (§ 1710.25), constituting a ministerial act of the clerk and not a judicial act of the court (*Kessler* v. *Kessler* (1983) 141 Cal.App.3d 94, 98 [190 Cal.Rptr. 109]; *Tom Thumb Glove Co.* v. *Han, supra,* 78 Cal.App.3d at pp. 7-8). "This statutory scheme manifests a legislative intent that its use or applicability be predicated upon a judgment first obtained and rendered outside of this state. The judgment in this state, following the judgment of a sister state, is ministerial only, that is, an activity by the clerk of this court." (*United Bank of Denver* v. *K & Y Trucking Co.* (1983) 147 Cal.App.3d 217, 221 [195 Cal.Rptr. 49].) Where the judgment debtor fails to challenge the matter, the judgment will be entered and the application will have served its purpose, all without any judicial act having been performed by the court. (*Kessler* v. *Kessler, supra,* 141 Cal.App.3d at p. 98; *Tom Thumb Glove Co.* v. *Han, supra,* 78 Cal.App.3d at p. 8.)

## The Superior Court Had Jurisdiction to Amend the Judgment

■ Marsch contends the superior court had no jurisdiction to grant Aspen's motion to amend the judgment, because Aspen's motion sought to substantively modify the judgment and not to correct a clerical error. Because we conclude the amendment of the entry of the sister state judgment here was designed to correct clerical error so as to conform the entry to the

original decision rendered by the Colorado court, the superior court acted within its jurisdiction in so amending the California judgment.

■ Generally, once a judgment has been entered, the trial court loses its unrestricted power to modify, retaining only the power to correct clerical errors in the entered judgment. "However, it may not amend such a judgment to substantially modify it or materially alter the rights of the parties under its authority to correct clerical error." (*Craven* v. *Crout* (1985) 163 Cal.App.3d 779, 782 [209 Cal.Rptr. 649]; *In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729]; *Rogers* v. *Hirschi* (1983) 141 Cal.App.3d 847, 850-851 [190 Cal.Rptr. 575]; 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 66, p. 500.) A court of general jurisdiction has this inherent power to correct clerical error in its records, whether made by the court, clerk or counsel, at anytime so as to conform its records to the truth. (*Hennefer* v. *Butcher* (1986) 182 Cal.App.3d 492, 506 [227 Cal.Rptr. 318]; 7 Witkin, Cal. Procedure, *supra*, § 68, pp. 502-503.)

■ The difference between judicial and clerical error rests not upon the party committing the error, but rather on whether "it was the deliberate result of judicial reasoning and determination." (*Estate of Doane* (1964) 62 Cal.2d 68, 71 [41 Cal.Rptr. 165, 396 P.2d 581]; *Pettigrew* v. *Grand Rent-A-Car* (1984) 154 Cal.App.3d 204, 209 [201 Cal.Rptr. 125].) A correctable clerical error includes one made by the court which cannot reasonably be attributed to the exercise of judicial consideration or discretion. (*Pettigrew* v. *Grand Rent-A-Car*, *supra*, 154 Cal.App.3d at pp. 209-210.) "Clerical error . . . is to be distinguished from judicial error which cannot be corrected by amendment. The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' " (*In re Candelario*, *supra*, 3 Cal.3d at p. 705.) In summary, " 'The general rule with respect to the power of the court to modify a judgment does not preclude the court from correcting clerical errors and misprisions either in the entry of the judgment or due to inadvertence of the court. The term "clerical error" covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. If an error, mistake, or omission is the result of inadvertence, but for which a different judgment would have been rendered, the error is clerical and the judgment may be corrected to correspond with what it would have been but for the inadvertence. [Citations.] The court has inherent power to correct such errors.' " (*Pettigrew* v. *Grand Rent-A-Car*, *supra*, 154 Cal.App.3d at p. 210, quoting *George* v. *Bekins Van & Storage Co.* (1948) 83 Cal.App.2d 478, 480-481 [189 P.2d 301].)

■ Here, confronted by clerical error, the court had the authority to amend the sister state judgment so as to conform it to the original Colorado

decree. It is firmly established that the failure of a clerk to perform the ministerial duty of entering a judgment in conformity with the court's decision constitutes a typical ground for correction. (*LaMar* v. *Superior Court* (1948) 87 Cal.App.2d 126, 129 [196 P.2d 98]; 7 Witkin, Cal. Procedure, *supra*, § 69, p. 504.) As summarized earlier, the statutory scheme set forth within the Act manifests a clear legislative intent the entry upon application based upon a judgment of a sister state is ministerial only, an activity by the clerk of the court. (*United Bank of Denver* v. *K & Y Trucking Co.*, *supra*, 147 Cal.App.3d at p. 221.) The court's amendment of the entry of the sister state judgment was to correct the clerical error which occurred at the time of entry under the Act in order to conform the entry to the decision actually rendered by the Colorado court. In fact, a certified copy of the Colorado order was attached and incorporated by reference to both the application for entry of the sister state judgment and the abstract of judgment. Consequently, the court's amendment was not a new modification or enlargement of the original judgment, but simply an accurate reflection of the scope of relief originally ordered in the Colorado decree.

## THE RECOVERY OF THE CHALLENGED ATTORNEY'S FEES IS NOT PROHIBITED UNDER CALIFORNIA LAW

■ Marsch next asserts that even if the superior court had the authority to amend the judgment so as to conform it to the original Colorado order, California law and specifically section 685.040 generally prohibits the recovery of attorney's fees incurred in the enforcement of a judgment. As we shall explain, the prohibition within section 685.040 does not apply to a provision within a sister state judgment awarding such fees which must be enforced pursuant to the full faith and credit clause of the United States Constitution.

Preliminarily, the Act provides that any judgment entered pursuant to its provisions will be treated as a judgment of the court for purposes of enforcement, bringing into play the various relevant statutory provisions of the code including section 685.040. (See 1974 Law Rev. Com. comment to § 1710.35.) Specifically, section 1710.35 provides:

"Except as otherwise provided in this chapter, a judgment entered pursuant to this chapter shall have the same effect as an original money judgment of the court and may be enforced or satisfied in like manner." At minimum, this section provides for enforcement of the original money judgment as if it were in fact a California decree. In other words, because the original decree

provided for recovery of those costs and attorney's fees incurred in collecting the judgment, it becomes enforceable as a part of that decree, outside the application and proscription of section 685.040.[2]

Moreover, enforcement is mandated here under the full faith and credit clause of the United States Constitution, article IV, section 1.[3]

" ' " " 'The Constitution of the United States requires a State . . . to enforce a valid judgment for the payment of money . . . if it was rendered in another State . . . although it would have been contrary to the public policy of the forum to allow action on the original claim.' " . . . "It is well settled that once a valid judgment has been rendered it must be accorded full faith and credit by every other court within the United States even though the cause of action upon which the judgment was based is against the law and public policy of the state in which enforcement is sought." ' " (*United Bank of Denver* v. *K & Y Trucking Co.*, *supra*, 147 Cal.App.3d at pp. 222-223, quoting *Sanpietro* v. *Collins* (1967) 250 Cal.App.2d 203, 207 [58 Cal.Rptr. 219]; see also *Harrah* v. *Craig* (1952) 113 Cal.App.2d 67, 69 [247 P.2d 855].)[4]

## Aspen's Motion Was Timely

Finally, Marsch unpersuasively contends Aspen's motion to amend the judgment was untimely because it was made after the "satisfaction" of the judgment contrary to section 685.070.[5] Marsch's contention is fatally flawed because (1) even if section 685.070, subdivision (b) applies to a sister state judgment which already provides within its decree recovery of such costs and fees, the judgment had not been fully satisfied because the original decree provided for recovery of costs and attorney's fees incurred in enforcing the judgment and those had not been paid; and (2) as already explained, the court's authority to correct clerical errors, apparent on the face of the record, is without temporal limitation (*Estate of Goldberg* (1938) 10 Cal.2d 709, 717 [76 P.2d 508]).

---

[2]Section 685.040 provides: "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law."

[3]We note a sister state judgment may be vacated on any ground which would be a defense to an action in California on a sister state judgment. (§ 1710.40.) The 1974 Law Revision Commission Comment to section 1710.40 summarizes the various available defenses, none of which are applicable here.

[4]Even if section 685.040 applied to the specific judgment, the "unless otherwise provided by law" language within the provision needless to say embraces any fees the enforcement of which is compelled by the full faith and credit clause of the United States Constitution.

[5]Subdivision (b) of section 685.070 provides in pertinent part: "Before the judgment is fully satisfied but not later than two years after the costs have been incurred, the judgment creditor claiming costs under this section shall file a memorandum of costs with the court clerk and serve a copy on the judgment debtor."

### Aspen Is Entitled to Attorney's Fees on Appeal

Consistent with the original Colorado decree providing for recovery of all costs and attorney's fees incurred in the collection of this money judgment, Aspen is entitled as prevailing party on appeal to not only costs, but also reasonable attorney's fees incurred in responding to Marsch's appeal—an act necessary for the ultimate collection of the original money decree.

### Disposition

The order is affirmed and the trial court upon remand shall determine reasonable attorney's fees incurred by Aspen on appeal and amend the judgment accordingly.

Froehlich, J., and Nares, J., concurred.

A petition for a rehearing was denied November 22, 1991.