Filed 12/22/25  Cooper v. Optum Services CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| TAWANA JEAN COOPER, | B345296 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 24NWCV02923) |
| v. | |
| OPTUM SERVICES, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Raul A. Sahagun, Judge.  Affirmed with directions.

Tawana Jean Cooper, in pro. per., for Plaintiff and Appellant.

Jackson Lewis, Ellen E. Cohen, Erica T. Khaine and Dylan B. Carp for Defendants and Respondents.

_____

Plaintiff and appellant Tawana Jean Cooper challenges the trial court's order dismissing with prejudice the complaint she filed against her former employer, defendant and respondent OptumRx, Inc. (OptumRx), as well as its corporate affiliates, defendants and respondents Optum Services, Inc. and United Healthcare Services, Inc. We affirm the order for the reasons we explain below.

## FACTS AND PRIOR PROCEEDINGS

Cooper alleges she was employed as a pharmacy customer service representative for OptumRx from December 2019 until she was terminated in April 2021. She filed suit in Orange County Superior Court in January 2022 alleging 10 causes of action, including employment discrimination on the basis of race, age, and disability, as well as wrongful termination.[1]

The defendants moved to compel arbitration. They claimed that when Cooper was hired, she signed an agreement to arbitrate all employment-related disputes. The Orange County Superior Court denied the motion without prejudice, finding the defendants had failed to produce sufficient evidence that Cooper signed the agreement. The defendants filed a renewed motion accompanied by additional evidence that Cooper had indeed signed an arbitration agreement, and in January 2023, the court granted the motion.

Despite the court's ruling, neither party filed a demand for arbitration for the following 18 months. At an alternative dispute resolution review hearing in August 2024, after Cooper

---

[1] The defendants filed a motion to augment the appellate record to include the complaint in the Orange County case, along with other relevant documents. We grant the motion.

told the Orange County Superior Court she did not intend to participate in arbitration, the court instructed the defendants that they would need to act to avoid waiving their right to arbitrate.  The defendants filed a demand for arbitration with the American Arbitration Association on August 23, 2024.

Two weeks later, on September 3, 2024, Cooper filed a new complaint against the same defendants, this time in Los Angeles County Superior Court.  In the operative first amended complaint (FAC), Cooper alleged causes of action for forgery and intentional and negligent infliction of emotional distress.  Virtually all the factual allegations in the complaint recounted events in the Orange County case, in particular the litigation regarding the motion to compel arbitration.  Cooper claimed the defendants forged her handwriting on the arbitration agreement filed with the court, and her claims of emotional distress were based on her reaction upon receiving a copy of the defendants' demand for arbitration.

The defendants filed a special motion to strike under the anti-SLAPP statute (Code Civ. Proc., § 425.16)[2] in November 2024, alleging that all of Cooper's causes of action were based on activity protected under the statute, i.e., the filing of the demand for arbitration in response to the court's instructions in the Orange County case.  The defendants argued further that Cooper could not establish a probability of prevailing on the merits because the doctrine of collateral estoppel precluded her claims.

The trial court issued a tentative ruling granting the motion.  The court concluded that all of Cooper's causes of action

[2] Subsequent unspecified statutory references are to the Code of Civil Procedure.

arose from protected activity; although it found the initiation of arbitration was not generally protected under the statute, here the filing of a demand for arbitration constituted protected petitioning activity because it came in response to a court order. In the court's view, Cooper could not show a probability of prevailing because the litigation privilege (see Civ. Code, § 47, subd. (b)) barred her from seeking damages for the defendants' actions in complying with a court order.

After a hearing, the trial court issued a minute order affirming its tentative ruling. The court stated that Cooper's "first amended complaint is [d]ismissed with [p]rejudice." The court also issued a separate order of dismissal, which stated in part, "On the motion of the court, . . . [¶] it is hereby ordered that the within action is dismissed [¶] . . . with prejudice as to [¶] . . . [¶] . . . Optum Services, Inc., . . . et al." (Capitalization omitted.)

Cooper has filed three notices of appeal from the trial court's actions. We previously dismissed two of the appeals, one because the notice of appeal was untimely, and the second because the order from which Cooper purported to appeal was not appealable.[3] The current appeal was filed in a timely manner from an appealable order.

---

[3] In her appellate brief, Cooper requests we transfer the case to a different court because we have shown bias against her. We denied the same request when Cooper filed a letter brief to the same effect in one of her other appeals, and we see no basis for revisiting that decision. We understand that Cooper may disagree with our prior rulings, but the fact we have ruled against her does not demonstrate bias. (*In re M.V.* (2025) 109 Cal.App.5th 486, 517.)

4

# DISCUSSION

Cooper does not challenge the trial court's decision on the anti-SLAPP motion on the merits. Indeed, she claims she is not appealing from the denial of that motion at all, but rather from the court's subsequent order dismissing the case. Cooper alleges the trial court "on its own motion and without any party's request[ ] issued an [o]rder of [d]ismissal." She claims further the court lacked statutory authority to dismiss the case on its own motion, and as a result, its dismissal order is void.

We disagree. The record shows unequivocally that the dismissal order was a direct consequence of the order granting the anti-SLAPP motion. In their motion, the defendants "request[ed] that the [c]ourt grant [the] motion to strike and *dismiss [Cooper]'s claim with prejudice.*" (Italics added, boldface omitted.) In its tentative decision, the court wrote that the "[d]efendants' special motion to strike the FAC pursuant to . . . section 425.16 is granted. [Cooper]'s FAC is dismissed with prejudice." (Capitalization omitted.) The court then issued a minute order affirming the tentative decision and stating once again that Cooper's "first amended complaint is [d]ismissed with [p]rejudice."

Section 581 gives the trial court the authority to "dismiss [a] complaint as to [a] defendant . . . [¶] . . . [¶] . . . [a]fter a motion to strike the whole of a complaint is granted without leave to amend and either party moves for dismissal." (*Id.*, subds. (f) & (f)(3).) The court acted pursuant to that authority, and its dismissal order is not void. In this context, the court's statement in the separate dismissal order that the case was dismissed "[o]n the motion of the [c]ourt" is a clerical error and does not reflect a sua sponte dismissal; it reflects the court implementing the

5

dismissal it had already granted. The existence of such a clerical error does not render the dismissal order void or reversible. (E.g., *F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108; *Aspen Internat. Capital Corp. v. Marsch* (1991) 235 Cal.App.3d 1199, 1204 [a court has inherent power to correct a clerical error at any time "to conform its records to the truth"].) To correct the clerical error, we instruct the trial court on remand to issue a dismissal order nunc pro tunc confirming that the case was dismissed as a consequence of the court granting the defendants' anti-SLAPP motion.

In lieu of a reply brief, Cooper filed a letter brief arguing we lack jurisdiction to consider the defendants' appellate brief. She notes that the caption of the brief does not list the 50 unknown "Doe" defendants whom Cooper named in her complaint. In Cooper's view, these Doe defendants are "indispensable parties to this appeal" and the failure to list them in the caption of the brief is a "core jurisdictional defect." We disagree. We see no indication in the record that Cooper identified any initially unknown defendants, or later named them in lieu of a Doe defendant. The failure to list parties that never appeared as defendants in the caption of the defendants' brief provides no basis for us to disregard an appellate brief. Further, even if we were to disregard defendants' brief, it remains Cooper's burden as the appellant to affirmatively demonstrate error (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2023) 94 Cal.App.5th 764, 777), and she has not done so.

## DISPOSITION

The trial court's order is affirmed with directions to issue a dismissal order nunc pro tunc confirming that the case was dismissed as a consequence of the court granting the defendants'

6

anti-SLAPP motion.  Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED



WEINGART, J.


We concur:



ROTHSCHILD, P. J.



BENDIX, J.

7