Filed 2/18/26  4K2D Records v. Jackson CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| 4K2D RECORDS, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> RONALD JACKSON, <br><br> Defendant and Respondent. | B344976 <br><br> (Los Angeles County <br> Super. Ct. No. 22VECV00527) |

APPEAL from an order of the Superior Court of Los Angeles County, Valerie Salkin, Judge.  Affirmed.

Collins + Collins and Ryan J. Altomare, for Plaintiff and Appellant.

Made Law Group and Sebastian M. Richards, for Defendant and Respondent.

————————————————

4K2D Records, Inc. (4K2D) appeals from a postjudgment order denying its motion to amend the judgment to correct a clerical error in its lawsuit against Ronald Jackson. We affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

4K2D sued Jackson in 2022 for breach of two written contracts. Jackson filed a cross-complaint for breach of one of the contracts and malicious prosecution. In May 2024, following a bench trial, the court entered judgment for 4K2D on one of the written contracts and the malicious prosecution claim, and entered judgment for Jackson on the other contract. The judgment awarded $8,850 in damages to 4K2D. The judgment did not award attorney fees or costs to either party, and it expressly stated: "Attorney fees and costs for one or both parties TBD at a hearing."

Both sides moved for attorney fees and submitted memoranda of costs. The attorney fee motions are not included in the record. 4K2D later asserted that both parties requested fees pursuant to Civil Code section 1717, and the trial court analyzed the requests under that statute.[1] Section 1717 provides that in an action "on a contract . . . the party prevailing on the contract" is entitled to attorney fees and costs. The prevailing party in proceedings subject to section 1717 "shall be the party who recovered a greater relief in the action on the contract," but the court has discretion to "also determine that there is no party prevailing on the contract for purposes of this section." (§ 1717, subd. (b)(1).)

---

[1]    Undesignated statutory references are to the Civil Code.

In August 2024, the court entered an order denying both parties' attorney fee and cost requests. It concluded that the requests were governed by section 1717. Since "both sides technically prevailed on a contract and because 4K2D's net recovery was substantially mitigated at trial by Jackson prevailing" on one of the contracts, the court reasoned that "it would be manifestly unfair to deem 4K2D as the 'prevailing party' under [ ] section 1717." The court determined that neither party prevailed and ordered each party to bear its own litigation costs.

In September 2024, 4K2D moved to amend the judgment. It argued that it was the prevailing party under Code of Civil Procedure section 1032, and therefore entitled to costs.[2] 4K2D asserted that the omission of costs in the judgment was a clerical error that must be corrected.

The court denied 4K2D's motion in January 2025. It noted that Jackson had appealed from the judgment, and reasoned that the matter was stayed pending that appeal. Alternatively, the court reasoned that the omission of costs was not a clerical error, but instead was "the Court's determination after a thorough review of the record in this case." The court further reasoned that 4K2D's motion essentially sought reconsideration of the court's order denying attorney fees and costs, which was

---

[2] Code of Civil Procedure section 1032 defines prevailing party as including "the party with a net monetary recovery . . . ." (Code Civ. Proc., § 1032, subd. (a)(4).) "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (*Id.*, subd. (b).)

improper since 4K2D failed to seek reconsideration under Code of Civil Procedure section 1008.

4K2D timely appealed from the order denying its motion to amend the judgment.

## DISCUSSION

"The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed . . . ." (Code Civ. Proc., § 473, subd. (d).)  However, the court may not " 'change an order which has become final even though made in error, if in fact the order made was that intended to be made.' " (*Bell v. Farmers Ins. Exchange* (2006) 135 Cal.App.4th 1138, 1144 (*Bell*).)  " 'The test which distinguishes clerical error from possible judicial error is simply whether the challenged portion of the judgment was entered inadvertently (which is clerical error) versus advertently (which might be judicial error, but is not clerical error).  [Citation.]  Unless the challenged portion of the judgment was entered inadvertently, it cannot be changed post judgment under the guise of correction of clerical error.' " (*Ibid*.)

We review the trial court's ruling on a motion to amend to correct a judgment based on a clerical error for abuse of discretion.  (*Estate of Douglas* (2022) 83 Cal.App.5th 690, 694.)[3]

---

[3]    4K2D argues that the appropriate standard of review is de novo because its appeal requires this court to decide whether prevailing party costs should have been awarded based on undisputed facts.  (*City of Long Beach v. Stevedoring Services of America* (2007) 157 Cal.App.4th 672, 678.)  This may have been the appropriate standard if 4K2D had appealed from the order denying its request for costs.  But 4K2D appeals only from the

4

4K2D argues that the judgment's omission of a cost award in its favor was a clerical error that the trial court was obligated to correct. We disagree. The judgment did not award costs to either party. It expressly stated that any cost award would be resolved "TBD at a hearing." 4K2D has not identified any evidence that this aspect of the judgment was a clerical error. For example, the judgment specified that neither party requested a statement of decision. And 4K2D did not provide a reporter's transcript of the bench trial that resulted in the judgment. There is no evidence that the absence of a cost order in the judgment was inadvertent such that it could be considered a clerical error. We cannot conclude that the trial court abused its discretion in denying 4K2D's motion to amend the judgment to correct a clerical error, since 4K2D has not identified any evidence that a clerical error occurred.

4K2D's arguments to the contrary are unpersuasive. It contends that the clerk of court was required to enter costs on the judgment based on 4K2D's unopposed memorandum of costs. Specifically, under California Rules of Court, rule 3.1700(a)(1), "[a] prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of service of the notice of entry of judgment." A motion to strike such costs must be filed within 15 days, and when that time expires, "the clerk must immediately enter the costs on the judgment." (Cal. Rules of Court, rule 3.1700(b)(4).) 4K2D filed a memorandum of costs, and Jackson never moved to strike. But this rule applies only when a "prevailing party" seeks costs. 4K2D has identified

_____

subsequent order denying its motion to amend the judgment based on a supposed clerical error. The appropriate standard of review in this case is for abuse of discretion.

5

no evidence that it was a prevailing party at the time of judgment. Indeed, the court later determined that neither party prevailed. The relevant order does not state that this ruling amended or replaced any earlier decision, which strongly suggests—if not conclusively establishes—that 4K2D was not a prevailing party when the judgment was entered.

4K2D also contends that it was entitled to costs as a matter of law under Code of Civil Procedure section 1032, and that the court or court clerk was therefore required to award costs to 4K2D at the time of judgment. But even assuming that 4K2D is correct, that is a judicial error, not a clerical error, and it may not be challenged through a motion to amend. (*Aspen Internat. Capital Corp. v. Marsch* (1991) 235 Cal.App.3d 1199, 1204; *Bell*, *supra*, 135 Cal.App.4th at p. 1144 [deliberate judicial ruling " 'cannot be changed post judgment under the guise of correction of clerical error' "].)

Finally, 4K2D appears to challenge the August 2024 court order denying the parties' requests for attorney fees and costs. For example, 4K2D asserts that the August 2024 order focused on section 1717 and did not consider or determine whether any party was entitled to fees under Code of Civil Procedure section 1032. But 4K2D did not appeal from the August 2024 order, and did not move to vacate or amend it. We have no jurisdiction over the order and decline to entertain any challenge to it.

6

## DISPOSITION

The order denying 4K2D's motion to amend the judgment is affirmed.  Jackson is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.


We concur:


EDMON, P. J.


EGERTON, J.

7