(S. F. No. 21107. In Bank. Dec. 11, 1962.]

HARRY AUSLEN et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; MORRIS AUSLEN, Individually and as Administrator, etc., et al., Real Parties in Interest.

Eisner & Titchell, Norman A. Eisner and Haskell Titchell for Petitioners.

No appearance for Respondents.

Leonard S. Lurie for Real Parties in Interest.

McCOMB, J.—Petitioners (Harry, Richard and Donald Auslen) allege that respondents (the Superior Court of the City and County of San Francisco, the Superior Court of Sacramento County, and Judges Arnold and Henry of those courts) are simultaneously asserting jurisdiction over the same *inter vivos* trust. Petitioners seek a writ of prohibition restraining one or the other of respondent courts from proceeding further with respect to said trust. We have issued alternative writs of prohibition temporarily restraining both respondent courts from so proceeding.

Morris Auslen, individually and as administrator of the estate of Harry Auslender, William Auslen, Jr., Kate Auslen Abrahams and Pauline Auslen Lurie are the real parties in interest.

*Facts*: Following the death of Harry Auslender, his sister, Celia Appelbaum, created an *inter vivos* trust, to which she assigned, among other assets, her interest in his estate, which amounted to half of the estate. Petitioner Harry Auslen was made trustee. The net income of the trust was to be paid to the trustor for life, and upon her death was to be paid in varying proportions to three of the real parties in interest (Morris Auslen, Kate Abrahams and Pauline Lurie), two of the petitioners (Richard and Donald Auslen), and William Auslen. In the event of the death of one of these beneficiaries, his share was to be paid to the survivors or to certain other persons. The trustee was given authority to terminate the trust after the death of the trustor. Upon termination, the corpus was to be distributed to the persons then entitled to the income in proportion to their respective rights thereto. If any beneficiary attempted to set aside the trust or to invalidate any of its provisions, his share was to be forfeited.

Celia Appelbaum died on January 18, 1959, while the probate of her brother's estate was still pending. The following day Harry Auslen, as trustee, declared the termination of the trust.

In April 1960 Morris Auslen filed in the Superior Court of Sacramento County in the Auslender estate proceeding a

petition to determine heirship under section 1080 of the Probate Code. The petition, which was subsequently dismissed, sought, among other things, a declaration that the Celia Appelbaum Trust was invalid.

While the petition was pending, a stipulation was made by or on behalf of Harry Auslen (one of the petitioners herein), the real parties in interest herein, and the attorney for the estate of Auslender. The stipulation provides, in part, that the Superior Court of Sacramento County sitting in probate in the matter of the estate of Auslender has ''exclusive jurisdiction'' of all matters relating to the Celia Appelbaum Trust, that the validity of the trust will be presumed, and that the court shall have ''sole and exclusive jurisdiction relative to the administration of the said trust from its inception.'' Two of the beneficiaries of the trust, petitioners Richard and Donald Auslen, did not enter into the stipulation and did not appear in the Sacramento proceeding. In July 1960 the superior court entered an order making determinations in accord with the matters set forth above in the stipulation. Harry Auslen filed a first account as trustee, which account was approved by the court, and subsequently the court ordered certain distributions to him, as trustee.

Some time after the filing of the petition to determine heirship, Harry Auslen declared the interests of the real parties in interest in the trust estate forfeited because they had contested, or cooperated in contesting, the validity of the trust.

In January 1962 Morris Auslen filed another petition to determine heirship in the Superior Court of Sacramento County seeking a declaration that the trust had terminated and that the beneficiaries of the trust should be considered heirs of the estate of Auslender to the extent of their beneficial interest in the portion of the estate distributable to the trust.

On April 3, 1962, the court issued an order stating that the Celia Appelbaum Trust had been terminated on January 19, 1959, and that since that date the trust had been passive and should be disregarded in determining those persons entitled to any further distribution of the estate. The order also named the persons entitled to such distributions and the amount of their respective interests and ordered Harry Auslen to file a further accounting as to the trust estate. The court subsequently found him in contempt for failure to file the additional accounting.

Prior to the filing of the second petition to determine heirship, the real parties in interest on December 7, 1961, filed

a complaint in the Superior Court of the City and County of San Francisco against petitioner Harry Auslen, as trustee, and petitioners Richard and Donald Auslen, as beneficiaries of the trust, seeking a declaration that the trust had terminated, an accounting, and distribution of the trust estate to the beneficiaries entitled thereto. On March 30, 1962, petitioners demurred and filed a plea in abatement on the ground of the pendency of the proceeding in the Superior Court of Sacramento County. The demurrer and plea were overruled, and the court ordered the action to proceed. Answers were filed, in which petitioners denied the right of the real parties in interest to participate as beneficiaries of the trust.

After the Superior Court of the City and County of San Francisco ruled in favor of its jurisdiction over the trust, petitioner Harry Auslen objected in the Superior Court of Sacramento County to the exercise of further jurisdiction by that court over the trust, but the objection was overruled.

▇▇▇ Question. *Does the Superior Court of Sacramento County have jurisdiction of the subject matter or the parties in the matter now pending before it?*

*No.* ▇▇▇ Probate proceedings being statutory in nature, the superior court sitting in probate has no other powers than those given by statute and such incidental powers as pertain to it and enable the court to exercise the jurisdiction conferred upon it. (*Estate of Schloss,* 56 Cal.2d 248, 253 [1] [14 Cal. Rptr. 643, 363 P.2d 875].) ▇▇▇ The superior court sitting in probate has no authority to exercise jurisdiction over *inter vivos* trusts. (Cf. *More* v. *More,* 133 Cal. 489, 494 et seq. [65 P. 1044, 66 P. 76].)

We held in *Estate of Gilmaker,* 57 Cal.2d 627, 630 [1] [21 Cal.Rptr. 585, 371 P.2d 321], that where matters occurring before a court sitting in probate are sufficient to invoke the court's general equity jurisdiction *and all indispensable parties appear and litigate the merits of a motion,* the court may determine the motion whether or not the subject of the motion falls within the court's probate power.

▇▇▇ *Estate of Gilmaker,* however, is not applicable to the facts in the present case, since at least two of the beneficiaries of the trust did not appear in the Sacramento proceedings and were not "before the court." Nevertheless, the Sacramento court sitting in probate made determinations respecting the specific percentages of the estate to which the beneficiaries of the trust were entitled.

Where one person seeks to establish the amount of his share in a particular trust fund, other persons with similar interests are indispensable parties. (*Franz* v. *Buder,* 11 F.2d 854, 856 et seq.; cf. *Baird* v. *Peoples Bank & Trust Co. of Westfield,* 120 F.2d 1001, 1003 [2], [3] [136 A.L.R. 693]; *Bowles* v. *Superior Court,* 44 Cal.2d 574, 583 [6] [283 P.2d 704]; *Bank of California* v. *Superior Court,* 16 Cal.2d 516, 521 [4] [106 P.2d 879].)

It thus appears that in the present case the Superior Court of Sacramento County sitting in probate was without jurisdiction to proceed in the case pending before it at the time the Superior Court of the City and County of San Francisco asserted jurisdiction.

A writ of prohibition is granted against the Superior Court of Sacramento County and denied as to the Superior Court of the City and County of San Francisco.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., and Tobriner, J., concurred.