[Civ. No. 31319.   Second Dist., Div. Five.   July 9, 1968.]

CITY OF DOWNEY, Plaintiff and Respondent, v. WILLIE JOHNSON, as Executor, etc., Defendant and Appellant.

Willie Johnson, in pro. per., for Defendant and Appellant.

Royal M. Sorensen, City Attorney, Burke, Williams & Sorensen and Carl K. Newton for Plaintiff and Respondent.

AISO, J. pro tem.*—Plaintiff City of Downey, a municipal corporation, brought this eminent domain proceeding to condemn certain parcels of land located within said city to acquire a municipal hospital building site. Plaintiff obtained an interlocutory judgment in condemnation covering parcels 39, 40, 41 and 42 described in its second amended complaint. Payments were ordered to be allocated: "to defendants Antonio Macias and Francis L. Macias the sum of $11,250.00. or to defendant Willie Johnson, as Executor of the Will of Ella J. Dotsey, deceased, the sum of $15,100.00, according to the determination of ownership by final judgment in the pending action Los Angeles Superior Court number 765596; to defendant Willie Johnson, as Executor of the Will of Ella J. Dotsey, deceased, Parcel 40—$31,300.00, Parcel 41—$14,000.00, and Parcel 42—$14,600.00 . . ." Willie Johnson, executor of the will of Ella J. Dotsey, deceased, in propria persona appeals from the aforesaid interlocutory judgment.

We noted from the notice of appeal,[1] the appeal record, and the briefs[2] that there were possible irregularities in this case as all indications pointed to a non-lawyer executor of a deceased person's will prosecuting in propria persona an appeal from a condemnation judgment. Concern arose as to our jurisdiction to hear the appeal when Mr. Willie Johnson

---

*Assigned by the Chairman of the Judicial Council.

[1]The notice of appeal in its body recites only that "Defendant" is appealing from the judgment. It is signed, "Willie Johnson" described as "Willie Johnson Executor of the Will of ELLA J. DOTSEY, dec'd." In the space for the name, address, and telephone number of the attorney or party, there appears:

"WILLIE JOHNSON
1125 E. 24th Street
Los Angeles, California 90011
RI 7-4575
Defendant in pro per."

[2]Appellant's Opening Brief is signed, "Willie Johnson" described as, "Willie Johnson—Defendant-Appellant in pro per" and Appellant's Closing Brief is signed, "Willie Johnson" described as, "Willie Johnson—Appellant-Executor in pro per."

acknowledged in open court that he was not a member of the State Bar of California nor of any other bar.

Since threshold questions of jurisdiction and validity of the judgment appeared inescapable, we requested supplementary briefs and heard supplemental oral argument addressed to the issues we shall shortly consider.

The action was commenced against Ella J. Dotsey, Willie Johnson's mother, for four parcels of real property which she owned or in which she claimed an interest. The original complaint and the lis pendens named only Ella J. Dotsey as a defendant. The first amended complaint named both Ella J. Dotsey and Willie Johnson, conservator of the estate of Ella J. Dotsey. The summons on the first amended complaint and the first amended complaint were served personally on both Ella J. Dotsey and Willie Johnson, conservator of the estate of Ella J. Dotsey on September 16, 1964. Thereafter on September 24, 1964, Willie Johnson, as conservator of the estate of Ella J. Dotsey filed an answer and a cross-complaint, signing the answer, "Willie Johnson Conservator of the Estate of Ella J. Dotsey in pro per" and the cross-complaint, "Willie Johnson in pro per." No answer for Ella J. Dotsey herself appears to have been filed.

We skip the various mesne proceedings until we come to a document filed on October 18, 1965, entitled, "SUBSTITUTION OF ATTORNEYS"[3] and an order entitled, "FINAL PRE-TRIAL CONFERENCE ORDER" dated October 20, 1965, and filed November 4, 1965, reciting that a pretrial conference was held on

---

[3]The "substitution of attorneys" reads as follows: "WILLIE JOHNSON, Conservator of the Person and Estate of Ella J. Dotsey in Pro Per herein, does hereby substitute Willie Johnson, Executor of the Estate of Ella J. Dotsey, Deceased, as Attorney of Record, in Pro Per, in the above entitled matter.

"DATED: This 18th day of October, 1965.

/s/ "WILLIE JOHNSON, Willie Johnson, Conservator in Pro Per of the Person and Estate of Ella J. Dotsey.

"The above substitution hereby accepted.

"DATED: This 18th day of October, 1965.

/s/ "WILLIE JOHNSON, Willie Johnson, Executor of the Estate of Ella J. Dotsey, Deceased."

Facsimile of Letters Testamentary issued to Willie Johnson as Executor of the Will of Ella J. Dotsey, deceased, Superior Court of Los Angeles County, number P-498,734 is attached to appellant's supplemental brief. The minute order of August 6, 1965, shows a copy of a death certificate, apparently that of Ella J. Dotsey's demise, as having been received into evidence.

October 18, 196[5] and setting forth the following order among others, ''Mr. Willie Johnson, as Executor of the Estate of Ella J. Dotsey, deceased, has been substituted in place of and in stead [*sic*] of Willia [*sic*] Johnson, conservator of the Estate of Ella J. Dotsey, by the filing of a substitution of attorneys this date.'' Whether this order was intended to be a substitution of parties as well as of attorneys is not clear.

Thereafter various pretrial and trial proceedings were had, including trial of the fair market value issue to a jury, with Willie Johnson, executor of the will of Ella J. Dotsey, deceased, in propria persona conducting the defense, and which resulted in the interlocutory judgment from which this appeal is taken.

We address ourselves to three questions: (1) Is there a valid notice of appeal giving us jurisdiction to entertain this appeal? (2) Did Willie Johnson *qua* executor or conservator have the right to appear, conduct the trial, and prosecute this appeal in this representative capacity in propria persona? (3.) Should question (2) be answered in the negative, what is the effect upon the judgment?

We have concluded that the answer to question (1) is ''Yes,'' to question (2), ''No,'' and (3) the judgment is invalid. For purposes of convenience and greater clarity, we shall take up the questions in the following order: (2), (1), and (3).

### *Neither Conservator Nor Executor Can Appear In Propria Persona*

We have found no California statutory or case authority adjudicating whether a conservator or an executor who is not a licensed lawyer may appear in his representative capacity ''in propria persona'' in a judicial action or proceeding which is not an integral part of the proceedings within the jurisdiction of the probate court. Neither respondent's counsel nor Willie Johnson has presented us with any.

This condemnation proceeding involves the ·City of Downey's taking property *in invitum* in which Ella J. Dotsey in her lifetime and, after her demise, her devisees, heirs, and creditors have a material interest. As such it is not within the jurisdiction of the probate court (see e.g. *Central Bank* v. *Superior Court* (1955) 45 Cal.2d 10, 14 [285 P.2d 906]; *Estate of Schloss* (1961) 56 Cal.2d 248, 253 [14 Cal.Rptr. 643, 363 P.2d 875]; *Auslen* v. *Superior Court* (1962) 58 Cal.2d 820, 823 [27 Cal.Rptr. 8, 377 P.2d 72]), of which court the conservator, or executor is, in a sense, an appointed officer.

The cases from the other jurisdictions appear to be unanimous in holding that in absence of statutory authorization,[4] neither an executor, administrator, nor a guardian may appear except through a licensed attorney in proceedings involving matters other than his personal rights as such a representative, e.g. accounting to a probate court. "[A] person who is not a licensed attorney and who is acting as an administrator, executor or guardian cannot practice law in matters relating to his trusteeship on the theory that he is practicing for himself" (*Arkansas Bar Assn.* v. *Union Nat. Bank* (1954) 224 Ark. 48, 51-52 [273 S.W.2d 408] ; accord: *In re Otterness* (1930) 181 Minn. 254, 258 [232 N.W. 318, 73 A.L.R. 1319] ; *State Bar Assn.* v. *Connecticut Bank & Trust Co.* (1959) 146 Conn. 556, 558-559 [153 A.2d 453] ; *Frazee* v. *Citizens Fid. Bank & Trust Co.* (Ky. 1964) 393 S.W.2d 778, 782; *State* ex rel. *Baker* v. *County Court of Rock County* (1965) 29 Wis.2d 1 [138 N.W.2d 162] ; *Collins* v. *O'Brien* (D.C. 1953) 208 F.2d 44, 45 [93 App.D.C. 152] (dictum) ; cf. *McShane* v. *United States* (9th Cir. 1966) 366 F.2d 286, 288.)

Summarizing the philosophy of the foregoing cases, the court in *Kasharian* v. *Wilentz* (1967) *supra,* 93 N.J. Super. 479 [226 A.2d 437, 438-439] holding that a non-lawyer administrator *ad prosequendum* cannot maintain an action in propria persona for the wrongful death of his son, stated: "While we find no case precisely in point, the philosophy of the decided cases is that nominal representatives or even active fiduciaries of the persons in beneficial interest, not themselves lawyers, should not be permitted to conduct legal proceedings in court involving the rights or liabilities of such persons without representation by attorneys duly qualified to practice law. [Citations.]

"The harmful consequences of unlicensed law practice in the present context are strikingly demonstrated by the activities of this plaintiff in this and other cases brought by him in connection with the same occurrences complained of where confusion has reigned supreme because of the many unintelligible, untimely and inappropriate documents he has drawn *pro se* and served and filed, not to mention the consequent serious prejudice to the substantial rights, if any there be, of the class of persons having beneficial interest in such cases."

---

[4] A guardian of a party to an action may appear by court rule in New Jersey. (*Kasharian* v. *Wilentz* (1967) 93 N.J. Super. 479 [226 A.2d 437, 438].)

We hold that Willie Johnson neither *qua* conservator[5] nor *qua* executor was entitled to appear in propria persona and conduct the trial proceedings below or to prosecute the appeal before this court. We do not decide here the right or capacity of a conservator or an executor to appear in propria persona in probate court proceedings affecting rights personal to his office as executor or conservator to which he has been appointed by the probate court.

It is not clear whether the answer of Willie Johnson, Conservator of the estate of Ella J. Dotsey, was intended to be an answer on behalf of Ella J. Dotsey. It is also ambiguous whether Willie Johnson, executor, was substituted in as a party defendant. There is no doubt, however, of Willie Johnson's intent to appear on behalf of Ella J. Dotsey and of her estate in a representative capacity. He filed various notices of motions reading, "Defendant ELLA J. DOTSEY, by WILLIE JOHNSON, Conservator of her person and estate, will . . . move . . ." or "defendant ELLA J. DOTSEY, by Willie Johnson, Executor of her Will, intends to . . . ." The substitution of attorneys[6] purports to "substitute Willie Johnson, Executor of the Estate of Ella J. Dotsey, Deceased, as Attorney of Record, in Pro Per."

Willie Johnson as a non-lawyer appearing in his representative capacity in propria persona did not have the right to appear and defend this action.

### Notice of Appeal Valid

The notice of appeal from the interlocutory judgment[7] was signed, "Willie Johnson Executor of the Will of ELLA J. DOTSEY, dec'd"[8] and was filed within the proper time.

By virtue of the express wording of rule 1 (a) of the Rules

---

[5]Basically, the rules applicable to guardians also apply to conservators. (See *Le Jeune* v. *Superior Court* (1963) 218 Cal.App.2d 696, 697 [32 Cal.Rptr. 390]; Witkin, Summary of Cal. Law (1967 Supp.) p. 1350.)

[6]See footnote 3, *supra*.

[7]The trial court file discloses another notice of appeal filed on October 26, 1965, purporting to appeal from nonappealable conclusions of law reached by the court on the legal issue in the bifurcated trial of his action.

[8]See footnote 1, *supra*. Minor defects in the notice, e.g. ambiguity in the use of the word "Defendant" when the judgment also includes the other defendants Macias interested in one parcel and the typographical error of 1965 for 1966 need not detain us. (*Vibert* v. *Berger* (1966) 64 Cal.2d 65 [48 Cal.Rptr. 886, 410 P.2d 390]; *Luz* v. *Lopes* (1960) 55 Cal.2d 54, 59-60 [10 Cal.Rptr. 161, 358 P.2d 289]; *Thompson* v. *Keckler* (1964) 228 Cal.App.2d 199, 209-211 [39 Cal.Rptr. 267]; *Libby* v. *Conway* (1961) 192 Cal.App.2d 865, 867-868 [13 Cal.Rptr. 830].)

of Appeal,[9] we draw a distinction between the capacity of a person acting in propria persona to sign and file a notice of appeal and his capacity to execute and file pleadings, papers, and briefs in both the trial and appellate courts.

In permitting either the appellant or his attorney to sign the notice, the rule constitutes a liberalization and a distinct departure from the general rule that a party represented by counsel may not file papers in propria persona in the litigation (see e.g. *People* v. *Mattson* (1959) 51 Cal.2d 777, 798 [336 P.2d 937]; *Electric Utilities Co.* v. *Smallpage* (1934) 137 Cal.App. 640 [31 P.2d 412]). Pursuant to its mandate that "A notice of appeal shall be liberally construed in favor of sufficiency," the words, "his attorney" were construed to include an attorney not of record (*Estate of Hultin* (1947) 29 Cal.2d 825, 832 [178 P.2d 756]) if he actually is an appealing party's attorney (cf. *Edlund* v. *Los Altos Builders* (1951) 106 Cal.App.2d 350, 357 [235 P.2d 28].[10] In *Ehret* v. *Ichioka* (1967) 247 Cal.App.2d 637, 641 [55 Cal.Rptr. 869], the court denied a motion to dismiss because of a defective notice of appeal where one non-lawyer sibling signed the notice for herself and for the other siblings, stating, "It is true that she could not act as an attorney for her siblings, but the only act with which we are here concerned is the execution of the notice of appeal."[11]

As the executor of the will of Ella J. Dotsey, deceased, Willie Johnson had the duty of defending the estate from "all unjust and illegal attacks made upon it which affect the interests of heirs, devisees, legatees, or creditors" and in that sense he was an "aggrieved party." (*Estate of Kessler* (1948) 32 Cal.2d 367, 369 [196 P.2d 559].)

---

[9] On January 6, 1966 when the notice in this case was filed, rule 1 (a), Rules on Appeal, read in pertinent part: ". . . The notice shall be signed by the appellant or by his attorney and shall be sufficient if it states in substance that the appellant appeals from a specified judgment. . . . A notice of appeal shall be liberally construed in favor of its sufficiency."

[10] We are aware of *Paradise* v. *Nowlin* (1948) 86 Cal.App.2d 897 [195 P.2d 867] in which one ground for dismissing the appeal was that the notice had not been signed by an attorney at law and that "[a] corporation cannot appear in court by an officer who is not an attorney and it cannot appear in propria persona." However, the Supreme Court has made some inroads upon this rule. (See *Johnson* v. *Hayes Cal. Builders, Inc.* (1963) 60 Cal.2d 572, 577 [35 Cal.Rptr. 618, 397 P.2d 394].)

[11] It may be argued that the appellate court acquired jurisdiction of the case insofar as the sibling signing in her own behalf was concerned and that the litigation involved issues the resolution of which would have benefited the nonappealing parties.

While one not a party of record to the proceedings below has no standing to appeal (*Eggert* v. *Pacific States Sav. & Loan Co.* (1942) 20 Cal.2d 199, 201 [124 P.2d 815]; *Estate of Partridge* (1968) 261 Cal.App.2d 58, 59 - 62 [67 Cal., Rptr. 433], both the first and second amended complaint named Willie Johnson, conservator of the estate of Ella J. Dotsey, as well as Ella J. Dotsey, as a party defendant. The final pretrial order substitutes "Mr. Willie Johnson, as Executor of the Estate of Ella J. Dotsey, deceased" in lieu of "Willi[e] Johnson, conservator of the Estate of Ella J. Dotsey." Willie Johnson, executor, was therefore not a stranger to the proceedings below.

We hold that Willie Johnson, executor of the will of Ella J. Dotsey, deceased, in propria persona had the capacity to sign and file the notice of appeal, conferring jurisdiction upon this court to make the determination of the issues herein set forth. The rule is to the contrary as to the documents other than the notice of appeal filed in this court, and they must be ordered stricken.

### Judgment Invalid

In *People* v. *Malone* (1965) 232 Cal.App.2d 531, 537 [42 Cal.Rptr. 888], the appellate court reversed the judgment where a nonlawyer defendant purported to appear and try a condemnation case for himself and for his brother from whom he held a power of attorney. The court there stated, "What Carroll purported to do for Paul in place of an attorney was a nullity, and that fact should have been known to the court and to opposing counsel."

No doubt, by service of the first amended complaint and summons issued thereon upon both Ella J. Dotsey and Willie Johnson as conservator of her estate on September 16, 1964, the court acquired jurisdiction over Ella J. Dotsey and the subject matter of the condemnation proceedings against her. (Code Civ. Proc., § 411, subd. 4.) However, that does not solve the issue as to the validity of the judgment. Since Willie Johnson neither *qua* conservator in propria persona nor *qua* executor in propria persona could appear in the action, the papers and documents which he drafted and purported to file in those capacities should have been stricken. (Cf. *Himmel* v. *City Council* (1959) 169 Cal.App.2d 97, 100-101 [336 P.2d 996].) But plaintiff's counsel made no motion to strike, nor did he purport to take any steps to obtain a default judgment. *Harrington* v. *Superior Court* (1924) 194 Cal. 185, 189-190 [228 P. 15], cited by plaintiff is of no assistance because Ella

J. Dotsey was under the disability of conservatorship of her person and her estate and Willie Johnson, a person not admitted to the practice of law, was not competent to waive any defects in procedure on her behalf. (Cf. *People* v. *Malone* (1965) *supra.*)

There was moreover no substitution of Willie Johnson, executor, for Ella J. Dotsey the original defendant, even assuming *arguendo* that Willie Johnson, conservator, entered a valid appearance in his own representative capacity. The determination of the legal issues and the trial of the valuation issue all took place after the death of Ella J. Dotsey. Under such circumstances, the judgment was in excess of jurisdiction. (*Bliss* v. *Speier* (1961) 193 Cal.App.2d 125, 126-127 [13 Cal.Rptr. 847].)

To give any effect to the judgment in this case would be a condonation of acts constituting both a crime and a possible contempt of court for we have a lay person not a member in good standing of any bar practicing law illegally,[12] although perhaps unwittingly. We therefore feel constrained to hold the judgment invalid despite the attendant loss of the effort and time of the trial courts and their attaches. Perhaps some of the determinations reached in the abortive procedures can be salvaged upon retrial by stipulation of counsel or parties validly appearing before the court.

In view of our disposition of this case, it becomes unnecessary at this time to discuss the points which were sought to be raised by the appellant.

### Disposition

The papers and documents filed in this court, other than the notice of appeal, are ordered stricken, and the judgment is reversed.

Kaus, P. J., and Hufstedler, J., concurred.

---

[12]Business and Professions Code section 6125: ''No person shall practice law in this State unless he is an active member of the State Bar. Section 6126. Any person . . . practicing law . . . who is not an active member of the State Bar, is guilty of a misdemeanor. Section 6127. The following acts or omissions in resepct to the practice of law are contempts of the authority of the courts: (a) Assuming to be an officer or attorney of a court and acting as such, without authority . . .'' On what constitutes practice of law, see: *Biakanja* v. *Irving* (1958) 49 Cal.2d 647, 651 [320 P.2d 16, 65 A.L.R.2d 1358]; *People* v. *Sipper* (1943) 61 Cal.App.2d Supp. 844, 846 [142 P.2d 960].