[No. G031499. Fourth Dist., Div. Three. Dec. 18, 2003.]

PATRICIA A. HANSEN, as Personal Representative, etc., Plaintiff and Appellant, v.
CHRISTINE M.L.R. HANSEN, Defendant and Respondent.

## Counsel

Barry A. Bisson for Plaintiff and Appellant.

Jim Bentson for Defendant and Respondent.

## Opinion

**FYBEL, J.**—We publish our opinion to confirm the principle announced in *City of Downey v. Johnson* (1968) 263 Cal.App.2d 775, 780 [69 Cal.Rptr. 830] that a conservator, executor, or personal representative of a decedent's estate who is unlicensed to practice law cannot appear in propria persona on behalf of the estate in matters outside the probate proceedings. When such a nonlawyer brings a nonprobate action in propria persona on behalf of the estate, the proper appellate remedy is to reverse with directions for the trial court to strike the complaint.

Patricia A. Hansen (Patricia), claiming to be the personal representative of the estate of Betty J. Hansen, sued Christine M.L.R. Hansen (Christine),[1] purporting to allege claims for breach of contract, fraud, misrepresentation, and breach of fiduciary duty. Patricia filed the complaint as a general civil matter, not as a petition within the probate matter opened for the estate of Betty J. Hansen. The trial court sustained Christine's demurrer to the second amended complaint without leave to amend, and Patricia appealed from the

---

[1] We use the parties' first names to avoid confusion and intend no disrespect. (*Nairne v. Jessop-Humblet* (2002) 101 Cal.App.4th 1124, 1126, fn. 1 [124 Cal.Rptr.2d 726].)

subsequent judgment of dismissal. Patricia is not licensed to practice law. Although Patricia retained counsel for the appeal, she filed and prosecuted the complaint in propria persona. We therefore reverse and remand with directions to strike the complaint without prejudice.

## I. ALLEGATIONS OF THE COMPLAINT AND PROCEEDINGS IN THE TRIAL COURT

Betty J. Hansen (decedent) died on December 19, 1995. She was the mother of Patricia and Christine.

On August 29, 2001, Patricia, claiming to be the "Personal Representative of the Estate of Betty J. Hansen," filed a complaint against Christine, alleging breach of contract, fraud, misrepresentation, and breach of fiduciary duty. The complaint was filed as a general civil matter. Patricia appeared on behalf of the estate in propria persona.

After several demurrers, Patricia filed a second amended complaint (the Complaint), the operative pleading. The Complaint is a form complaint with attachments. It alleged that in "the early 1990's" Christine removed $130,000 from a bank account held under decedent's social security number. The Complaint suggested the bank account was held in joint tenancy by Christine and decedent, and alleged decedent "did not understand the nature of the joint tenancy estate and believed that she was establishing a trust for the benefit of all her daughters." The Complaint alleged Patricia did not discover Christine had removed the money until the trial of a suit for partition of the family home in October 1999.

The Complaint alleged Christine represented to decedent she would spend the proceeds from the bank account on decedent's care and maintenance and, upon decedent's death, would divide whatever was left equally between Patricia, Christine, and a third sister, Stephanie Hansen. The Complaint alleged Christine represented to Patricia that all of the money withdrawn from the bank account had been expended for decedent's care, but Christine actually spent only $40,000 of the $130,000 in bank account proceeds on decedent's care and kept the rest for herself. Patricia allegedly did not learn Christine had kept the remaining $90,000 until October 1999, when Christine testified at a trial for partition of the family home she had spent only $40,000 on decedent's care.

Christine demurred to the Complaint on the grounds (1) it failed to state a claim and (2) each of the causes of action alleged was time-barred. The trial court sustained the demurrer without leave to amend. The judgment of dismissal was entered on October 30, 2002. Patricia retained counsel to represent decedent's estate in this appeal from that judgment.

## II. Patricia's Motion to Augment the Record

The appellate record does not contain anything establishing Patricia was ever appointed the personal representative of decedent's estate. After oral argument, Patricia moved to augment the record with letters testamentary appointing her the executor of decedent's estate. Attached to the letters testamentary is a document, apparently signed by Patricia, in which she appointed herself the personal representative of decedent's estate. The letters testamentary with the attachment were filed on March 10, 2000, in Orange County Superior Court case No. A197560, which apparently is the probate matter for decedent's estate. We received no opposition to the motion to augment the record and granted the motion.

## III. Patricia Could Not Represent Herself in the Trial Court as the Estate's Executor or Personal Representative

■ A person who is unlicensed to practice law and who represents a decedent's estate cannot appear in propria persona on behalf of the estate in matters outside the probate proceedings. (*City of Downey v. Johnson, supra,* 263 Cal.App.2d 775, 780; see also Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2003) ¶ 2:130, p. 2-37 (rev. #. 1, 2002).) Since the passage of the State Bar Act in 1927, persons may represent their own interests in legal proceedings, but may not represent the interests of another unless they are active members of the State Bar. (*Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1830 [26 Cal.Rptr.2d 829].) "In line with that prohibition, courts have held, among other examples, that . . . [citation] . . . [citation] . . . a nonlawyer representing his mother's estate as conservator and executor cannot appear in propria persona on behalf of the estate." (*Id.* at pp. 1830–1831, citing *City of Downey v. Johnson, supra*, 263 Cal.App.2d at p. 779.)

In *City of Downey v. Johnson, supra,* 263 Cal.App.2d 775, 776, the City of Downey brought an eminent domain action against a decedent's estate. The executor of the estate defended the action in propria persona and in that capacity pursued an appeal from the judgment. (*Ibid.*) Noting the action was not within the jurisdiction of the probate court, Judge Aiso (sitting by assignment), joined by Justices Kaus and Hufstedler, held the executor "neither *qua* conservator nor *qua* executor was entitled to appear in propria persona and conduct the trial proceedings below or to prosecute the appeal before this court." (*Id.* at p. 780, fn. omitted.) Because the executor could not defend in propria persona, the court held the judgment was invalid and reversed. (*Id.* at pp. 782–783.)

■ Patricia filed and prosecuted the Complaint as the personal representative of the estate of Betty J. Hansen and represented herself in that capacity in the trial court. Patricia is not a lawyer. Patricia may have been able to present the claims asserted in the Complaint in a petition in the probate proceedings (see Prob. Code, § 850, subd. (a)(2)), and *City of Downey v. Johnson, supra,* 263 Cal.App.2d at page 778 suggests (but does not hold) a nonlawyer representative of a decedent's estate may appear in propria persona on behalf of the estate in matters within the probate proceedings. But we are not presented with that issue. Patricia filed and prosecuted the Complaint as a general civil matter and not as a petition within the probate matter that apparently had been opened for decedent's estate. Patricia could not file the Complaint and prosecute a general civil action in propria persona on behalf of decedent's estate.

Further, in *City of Downey v. Johnson, supra,* 263 Cal.App.2d 775, 780, the court did not decide whether the executor could appear in propria persona in probate proceedings affecting rights personal to the executor's office (for example, for recovery of executor's fees). We also do not decide that issue because the Complaint did not affect Patricia's rights personal to her office as personal representative.

The judgment is reversed because it is invalid. (*City of Downey v. Johnson, supra,* 263 Cal.App.2d at pp. 782–783.) The trial court should have stricken the Complaint Patricia filed in propria persona (*id.* at p. 782); therefore, the proper disposition is to reverse and remand with directions to strike the Complaint without prejudice.

Christine did not object to Patricia's representation of decedent's estate in propria persona. However, "[p]rohibiting unlicensed practice is within the 'police power [of the state] and is designed to assure the competency of those performing [legal] services.' " (*Drake v. Superior Court, supra,* 21 Cal.App.4th at p. 1830.) Christine's failure to object does not preclude us from exercising this police power.

.

DISPOSITION

The judgment is reversed and the matter is remanded with directions to strike the Complaint without prejudice. Because Christine did not object to Patricia appearing in propria persona on behalf of decedent's estate, no party shall recover costs on appeal.

Bedsworth, Acting P. J., and Aronson, J., concurred.