Filed 8/9/23 Certified for Publication 9/8/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Estate of FRANK J. SANCHEZ, Deceased. | H045037 (Santa Clara County Super. Ct. No. 16PR178756) |
| LESLIE ANN PERALTA, Petitioner and Appellant, v. CAROLINE SANCHEZ, et al. Objectors and Respondents. | |

Appellant Leslie Ann Peralta seeks review of various orders arising from proceedings related to the probate of the estate of her father, Frank J. Sanchez. The only issue properly raised in the instant appeal is whether Leslie,[1] as executor and personal representative of Frank's estate, can appear in propria persona in proceedings related to her complaint against respondents Caroline Sanchez and Nationstar Mortgage LLC (Nationstar) for partition by sale of real property in San Jose that was owned in part by Frank's estate, and other relief. On appeal, Leslie contends the trial court erred in striking the complaint on the grounds that she could not proceed without counsel. Caroline and Nationstar (collectively Respondents) moved to dismiss the appeal, arguing

---

[1] As several of the parties share the same last name, we will refer to the individual parties by their first names.

that Leslie could not proceed with the appeal in propria persona. We agree with Respondents, and will dismiss the appeal accordingly.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Frank passed away in April 2016. Leslie, Frank's eldest child, filed a petition to be appointed Frank's executor and to probate Frank's will. The probate court appointed her executor and personal representative of the estate, granting her full authority to administer the estate under the Independent Administration of Estates Act (IAEA, Prob. Code, § 10400 et seq.). Caroline is Frank's surviving spouse. In his will, Frank confirmed Caroline's interest in their community and quasi-community property, and bequeathed all of his separate property, as well as his one-half interest in their community and quasi-community property, to his three children, Leslie, Frank Jr., and Julie, explicitly disinheriting Caroline, who is not the mother of Frank's children, as to that portion of his estate.

---

[2] Leslie contends her appeal concerns not only the probate court's order filed May 31, 2017, striking her complaint for partition, but also an order denying Leslie's request to borrow against the estate's assets in order to retain counsel, and an order granting Caroline a temporary probate homestead in the property she co-owned with the estate. Leslie concedes in her appellant's opening brief that she filed a separate notice of appeal on September 27, 2017, to seek review of the latter two orders, which, although heard on the same date as the motion to strike the partition complaint, were not memorialized in written orders until August 2017. While Leslie contends that the September 27, 2017 notice of appeal was "added to the instant appeal," it was properly treated by this court as a separate appeal, and assigned appeal number H045804. On its own motion, the court takes judicial notice of the docket of appeal number H045804. Neither the docket in this appeal nor that in appeal number H045804 reflects that Leslie sought to consolidate these two appeals. This court dismissed appeal number H045804 by order issued June 22, 2018, after Leslie failed to procure the record on appeal and that order is final. Thus, this opinion will address only the May 31, 2017 order striking the partition complaint, as identified in the notice of appeal filed in this matter.

2

In January 2017, Leslie, on behalf of Frank's estate, filed in propria persona in the probate action a complaint against Caroline and Nationstar[3] for partition by sale of real property and other related causes of action. She alleged that, during their marriage, Frank and Caroline purchased a home on Eulalie Drive in San Jose. Claiming that Caroline improperly withdrew funds from an account containing proceeds from a reverse mortgage, the note for which was held at various times by Bank of America and Nationstar, and that Caroline engaged in other allegedly fraudulent and/or improper conduct, Leslie sought partition of the Eulalie property by sale "for the common benefit of the estate beneficiaries" in order to "preserve and secure" the estate's minimum 50 percent interest in the property. She further alleged that the partition action should include an accounting of Frank's separate property contributions to the Eulalie property, and appropriate reimbursement thereof. In addition to the partition cause of action against all defendants, Leslie stated causes of action against Caroline for: breach of fiduciary duty; fraudulent concealment; pre- and post-death conversion; neglect, abandonment, elder abuse and financial elder abuse under the Welfare and Institutions Code; ejectment and damages for wrongful detention; accounting, appointment of receiver, and allocation; and "Penal Code §115(a)."[4]

Caroline filed a motion to strike the complaint for partition and related causes of action.[5] Citing *City of Downey v. Johnson* (1968) 263 Cal.App.2d 775 (*Downey*) and

---

[3] The complaint also named Bank of America, N.A., as a defendant. Leslie dismissed the action as to Bank of America in 2017.

[4] "Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony." (Pen. Code, § 115, subd. (a).)

[5] Leslie did not designate Caroline's complete motion as part of the record on appeal. During the pendency of this appeal, each party has filed motions to augment the record and/or requests for judicial notice in order to cure deficiencies in the record provided to this court, all of which we deferred ruling on for consideration with the appeal. This court has discretion to augment the record with materials that were before

3

*Hansen v. Hansen* (2003) 114 Cal.App.4th 618 (*Hansen*), she argued that the complaint

should be stricken because Leslie, as the personal representative of Frank's estate, could

the trial court when it issued the order on appeal. (See *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) We may take judicial notice of appropriate materials under Evidence Code section 451 et seq., where relevant to a material issue on appeal. (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 544, fn. 4.)

The requests for judicial notice filed by Leslie on March 11, 2022, in both this appeal and in appeal number H045974 are denied as this court does not need to take judicial notice of case law in order to rely on it in the opinion. (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 46, fn. 9.) Exhibit E of the request filed in this appeal appears to be a table created by an unidentified person documenting alleged statutory violations by the trial court. This is not a proper subject for judicial notice under Evidence Code section 451, et seq. To the extent relevant to the appeal, we can consider the statutes referenced by the parties without taking judicial notice. (*Ibid*.) Exhibit F is a blank "Nonattorney Unauthorized Practice of Law Complaint Form" from the State Bar of California. Leslie has not demonstrated that the form is a proper subject of judicial notice.

Leslie's motion to augment filed August 2, 2021, is granted as to the documents included as pages 1 to 70 of volume 1 submitted with the motion, as she has demonstrated that they were part of the record before the trial court at the time it issued the May 31, 2017 order that is the subject of this appeal. The remainder of the documents included in volumes 1 through 13 of the attachment to the motion are dated after the court issued the May 31, 2017 order, and thus are not the proper subject of a motion to augment. Further, Leslie has failed to demonstrate how those documents predating the order are useful to the resolution of this appeal. We will deem Leslie's motion as a request to take judicial notice of documents dated after May 31, 2017, and as such will deny the request. The pleadings and transcripts Leslie wants judicially noticed are not relevant to the issues in this appeal. Correspondence from Leslie or Caroline to various entities is not the proper subject of judicial notice.

Caroline's September 8, 2022 request for judicial notice, included in her motion to dismiss this appeal, is granted as to exhibits B and C. It is denied as to Exhibits A, D, and E, as those pleadings are already included in the record on appeal. The request is denied as to Exhibits F and G, as they are not relevant to the issues on appeal.

Nationstar's November 30, 2022 request for judicial notice is granted. We take judicial notice of the opinion issued October 31, 2022, by this court in *Estate of Sanchez* (Oct. 31, 2022, No. H048814) [non.pub. opn.] (*Sanchez*). In that opinion, this court affirmed a trial court order granting Caroline a probate homestead in the Eulalie property for the remainder of her life.

Leslie's July 10, 2023 request for judicial notice is denied as untimely.

4

not appear in propria persona in that representative capacity. She further alleged that the causes of action set forth in the complaint should be determined in a civil action, not in the probate action. In addition to asking the court to strike the entire complaint, Caroline argued that portions of the complaint should be stricken as including "irrelevant, false and improper matters." Nationstar joined in Caroline's motion to strike citing the same grounds.

Leslie opposed Respondents' motions to strike. She argued that she had a right to file a partition action as a tenant in common to the property and an estate beneficiary. She further contended that Probate Code section 850 authorized her to file the partition action, along with related causes of action, in the probate proceeding.[6] Leslie claimed that the estate and its beneficiaries had a constitutionally protected due process right to proceed with Leslie appearing in propria persona, as the case law cited by Respondents only precluded such appearance in matters outside of the probate context.

The probate court held a hearing on May 31, 2017. Relying on *Hansen* and *Downey*, Caroline argued that the complaint Leslie filed did not comply "with any of the Probate Code 850 procedures," instead arguing that the gravamen of the claims were "general civil litigation claims" that could not be prosecuted "by an in pro per representative of the estate. . . ." Nationstar reiterated its position that Leslie could not represent the estate without an attorney, and that the matter should proceed in a civil action rather than in the probate matter.

Leslie argued that *Hansen* and *Downey* were easily distinguishable from her case, claiming those cases stood for the proposition that a pro per litigant could not represent

---

[6] Under Probate Code section 850, subdivision (a)(2)(C) and (D), the personal representative may file a petition in a probate matter requesting that the court make an order when the decedent died in possession of, or holding title to, or having a claim to real property, and title to, possession of, or some interest in the property is held or claimed to belong to another. Subsequent undesignated statutory references are to the Probate Code unless otherwise indicated.

5

an estate outside of the probate context.  Because Leslie filed her complaint in the probate action, pursuant to sections 855 and 9823, subdivision (b), she contended that she was allowed to proceed without an attorney.[7]

At the close of argument on the motions to strike, the probate court issued a written order granting the motions with 20 days leave to amend to give Leslie the opportunity to retain counsel.  While the court recognized that sections 850 and 855 authorized certain matters to be filed in a probate proceeding that would otherwise proceed in a civil action, the court determined that Leslie's complaint "does not clearly resemble in material part a petition under Probate Code section 850, which is the gateway for invoking Probate Code section 855 as a vehicle to include causes of action normally raised in a civil action in a probate proceeding."  Even if the court liberally construed the complaint as a petition under section 850, the court found that "the pleading primarily consists of civil claims typically raised in a civil action.  [Leslie], a non-attorney, cannot properly prosecute those claims in propria persona in any venue."  The probate court noted that Leslie did not "cite[] legal authority permitting her to prosecute any cause of action asserted in the Complaint on behalf of others."[8]

---

[7] Section 855 provides that an action brought under section 850 et seq., "may include claims, causes of action, or matters that are normally raised in a civil action to the extent that the matters are related factually to the subject matter of a petition filed under [section 850 et seq.]."  Under section 9823, subdivision (b), "The personal representative may bring an action against the other cotenants for partition of any property in which the decedent left an undivided interest."

[8] The probate court's order notes that Leslie filed all of her pleadings with an "identifier" beneath her name referencing a "State Bar Associate" number.  The issue on appeal is not whether Leslie was attempting to mislead Respondents or the court into believing she was licensed to practice law.  Leslie never argued that she was a licensed attorney.  This court's analysis of the issue would be the same whether or not Leslie, who has gone to law school, identified herself as a "State Bar Associate."  We thus will not consider evidence in the record or argument concerning Leslie's status with the State Bar.  The State Bar previously allowed its sections to enroll non-member "associates" or "affiliates."  (See Rules of the State Bar of Cal., former rules 3.50, 3.52.)  Pleadings in the record indicate Leslie enrolled as such while in law school.

On June 12, 2017, before the time to amend her complaint expired, Leslie, as executor and personal representative of Frank's estate, filed a notice of appeal from the May 31, 2017 order. She filed additional notices of appeal on July 19, 2017, after her time to amend her complaint had passed. The first notice did not identify the order being appealed; the second again listed the May 31, 2017 order as the order on appeal.[9]

After the record was filed in this appeal, and Leslie filed her appellant's opening brief, Caroline and Nationstar each filed a motion to dismiss the appeal.[10] As they did in the probate court regarding the complaint for partition, Respondents argued that Leslie could not prosecute this appeal in propria persona in her representative capacity as executor and personal representative of the estate.

Leslie filed opposition to each motion, contending that this court lacked jurisdiction to hear such motions, and that the motions violated her constitutional rights. Leslie argued that she was allowed to proceed in propria persona because she had full

---

[9] Generally, an order granting a motion to strike with leave to amend is not appealable prior to entry of judgment. However, the order was issued based on Leslie's purported claim pursuant to section 850. "[A]n appeal may be taken from the making of, or the refusal to make, any of the following orders: [¶] . . . [¶] Adjudicating the merits of a claim made under Part 19 (commencing with Section 850) of Division 2." (§ 1300, subd. (k).) By striking the complaint for partition and related causes of action, the probate court refused to make orders adjudicating the merits of Leslie's claim under section 850. We thus conclude Leslie took her June 12, 2017 notice of appeal from an appealable order. The probate court did thereafter grant a motion by Nationstar to dismiss the complaint after Leslie failed to amend within the allotted time, ultimately entering judgment in Nationstar's favor in November 2017. On its own motion, this court takes judicial notice of Nationstar's motion to dismiss, the resulting order granting the motion, and the judgment of dismissal in Nationstar's favor, attached as exhibits to Nationstar's motion to dismiss the appeal.

[10] At Leslie's request, this appeal was ordered considered together with appeal numbers H045974 and H046499, taken from orders issued in related civil actions. Caroline sought dismissal of each of the three appeals. This court granted her motion in part and dismissed appeal number H045974. It ordered appeal number H046499, which arose from a limited jurisdiction unlawful detainer action, transferred to the Appellate Division of the Santa Clara County Superior Court.

7

authority under the IAEA to administer the estate without trial court approval, referencing cases out of the United States Supreme Court that involved probate appeals with a pro se appellant.[11]  This court deferred ruling on the motions to dismiss for consideration with the appeal.

## II. DISCUSSION

The issue presented in both the motions to dismiss this appeal, and in the appeal itself, is whether Leslie can proceed in propria persona on issues related to the complaint for partition which are raised in her capacity as executor and personal representative of Frank's estate.  Based on the holdings in *Downey*, *supra*, 263 Cal.App.2d 775 and *Hansen*, *supra*, 114 Cal.App.4th 618, the parties do not dispute that outside of the probate context a personal representative must have counsel to prosecute or defend claims on behalf of an estate.  They disagree whether those holdings preclude an executor and personal representative from proceeding in pro per within a probate case on claims that could have been raised in a separate civil action.  Having considered the relevant case law and provisions of the Probate Code, we conclude that Leslie's complaint for partition and other relief is a claim made against third parties for the benefit of the estate's beneficiaries, such that it could not be prosecuted by Leslie in propria persona.  By extension, Leslie cannot prosecute the appeal before us without counsel.  We will grant Respondents' motions and dismiss the appeal accordingly.

### A.  *Leslie Cannot Represent the Estate in Propria Persona*

"No person shall practice law in California unless the person is an active licensee of the State Bar."  (Bus. & Prof. Code, § 6125.)  Under the statute, a person who is not a licensed attorney cannot appear in court for another person.  (*Russell v. Dopp* (1995) 36 Cal.App.4th 765, 774.)  Where the facts are undisputed, we review de novo whether a

[11] The additional arguments Leslie raised in her opposition to the motions to dismiss are not relevant to the determination of the motion or the appeal and will not be repeated here.

8

person's conduct amounts to practicing law without a license. (See *Hansen*, *supra*, 114 Cal.App.4th at p. 618 [issue resolved as a matter of law].)

Appellate courts, including those in *Hansen* and *Downey*, have confirmed that this rule precludes the personal representative of an estate from appearing without counsel in actions outside of the probate case. In *Downey*, a city brought an eminent domain proceeding against a property owner and her son as the conservator, and later executor, of her estate. (*Downey*, *supra*, 263 Cal.App.2d at pp. 777-778.) The son proceeded to defend the suit in propria persona in the trial court, and to prosecute an appeal from the resulting judgment in the city's favor without counsel. (*Id.* at p. 778.) The appellate court held that "in a judicial action or proceeding which is not an integral part of the proceedings within the jurisdiction of the probate court[,]" the son could not appear pro per to conduct either the trial proceedings or the appeal. (*Id*. at pp. 778, 780.) "[I]n absence of statutory authorization, [fn. omitted] neither an executor, administrator, nor a guardian may appear except through a licensed attorney in proceedings involving matters other than his personal rights as such a representative, e.g. accounting to a probate court. '[A] person who is not a licensed attorney and who is acting as an administrator, executor or guardian cannot practice law in matters relating to his trusteeship on the theory that he is practicing for himself[.]' [Citations.]" (*Id.* at p. 779.) The appellate court did not decide "the right or capacity of a conservator or an executor to appear in propria persona in probate court proceedings affecting rights personal to his office as executor or conservator to which he has been appointed by the probate court." (*Id.* at p. 780.) The court determined the notice of appeal filed by the executor was valid, but it struck all other pleadings filed by him in the appeal. (*Id.* at pp. 780-781.) The court held that the trial court judgment was invalid because the executor could not appear in the action pro per, and the papers and documents he drafted and purported to file should have been stricken. (*Id*. at pp. 782-783.)

9

The appellate court in *Hansen* confirmed the principles enunciated in *Downey*: "[A] conservator, executor, or personal representative of a decedent's estate who is unlicensed to practice law cannot appear in propria persona on behalf of the estate in matters outside the probate proceedings. When such a nonlawyer brings a nonprobate action in propria persona on behalf of the estate, the proper appellate remedy is to reverse with directions for the trial court to strike the complaint." (*Hansen*, *supra*, 114 Cal.App.4th at p. 619.) In *Hansen*, the personal representative of an estate sued her sister for breach of contract, fraud, misrepresentation, and breach of fiduciary duty; she filed the complaint as a general civil matter, not as a petition within the probate case. (*Id*. at p. 619.) The trial court sustained the respondent's demurrer without leave to amend, and the personal representative appealed. While the personal representative prosecuted the complaint in propria persona in the trial court, an attorney filed the appeal on her behalf. (*Id.* at p. 620.) The Court of Appeal reversed the judgment and remanded the matter with directions to the trial court to strike the complaint without prejudice because the personal representative could not appear in propria persona to represent the interests of the estate. (*Id.* at pp. 622, 623.) The court noted, "[The personal representative] may have been able to present the claims asserted in the Complaint in a petition in the probate proceedings (see Prob. Code, § 850, subd. (a)(2)), and *[Downey]*, *supra*, 263 Cal.App.2d at page 778, suggests (but does not hold) a nonlawyer representative of a decedent's estate may appear in propria persona on behalf of the estate in matters within the probate proceedings. But we are not presented with that issue." (*Hansen*, at p. 622.) "Further, in *[Downey]*, *supra*, 263 Cal.App.2d 775, 780, the court did not decide whether the executor could appear in propria persona in probate proceedings affecting rights personal to the executor's office (for example, for recovery of executor's fees). We also do not decide that issue because the Complaint did not affect [the personal representative's] rights personal to her office as personal representative." (*Hansen,* at p. 622.)

10

Leslie argues that the holdings in *Downey* and *Hansen* only preclude her from appearing in propria persona in matters outside of the probate case. Indeed, the *Hansen* court left open the possibility that a personal representative could appear in pro per to prosecute a petition filed in the probate court under section 850, the situation presented in the instant matter. However, additional cases clarify that the primary concern raised by a personal representative appearing in propria persona is that they are representing the interests of others and not just themselves. This concern was thoroughly addressed in the recent case of *Donkin v. Donkin* (2020) 47 Cal.App.5th 469 (*Donkin*). There, successor trustees of a family trust appealed an order rejecting their proposed interpretation of the trust. (*Id*. at p. 470.) The beneficiaries of the trust argued that the trustees engaged in the unauthorized practice of law by representing themselves in the matter.

The appellate court rejected that argument. (*Donkin, supra,* 47 Cal.App.5th at p. 471.) In doing so, the court distinguished *Ziegler v. Nickel* (1998) 64 Cal.App.4th 545 (*Ziegler*), wherein the appellate court held that a nonattorney trustee could not represent a trust without counsel in a lawsuit between the trust and a mobilehome park. "*Ziegler* did not involve probate proceedings, but rather a lawsuit between a mobilehome park and a trust—appearing, as a trust necessarily does, through its trustee. [Citation.] In concluding the trustee could not represent himself in prosecuting the trust's lawsuit against the mobilehome park, *Ziegler* explained that ' " 'a trustee's duties in connection with his or her office do not include the right to present argument [while representing himself] in courts of the state, because in this capacity such trustee would be representing interests of others and would therefore be engaged in the unauthorized practice of law. [Citations.]" [Citations.] [¶] Stated otherwise, "[a] trustee must always act solely in the beneficiaries' interest. [Citations.]" [Citations.] The actions of the trustee affect the trust estate and therefore affect the interest of the beneficiaries. A nonattorney trustee who represents the trust in court is representing and affecting the interests of the beneficiary and is thus engaged in the unauthorized practice of law.' (*Ziegler*, *supra*, 64

11

Cal.App.4th at pp. 548-549, italics omitted.)" (*Donkin*, at pp. 471-472.) By comparison, in *Donkin*, the trustee was seeking instructions to effectuate the intent of the trustor rather than to represent the interests of the beneficiaries. The beneficiaries could disagree with the trustee as to the interpretation or the trustee's duties, rendering the trustee adverse to the beneficiaries and not representing the beneficiaries' interests. (*Id*. at pp. 472-473.)

The *Donkin* court found instructive the holding in *Finkbeiner v. Gavid* (2006) 136 Cal.App.4th 1417 (*Finkbeiner*), wherein the appellate court determined that a trustee did not engage in the unauthorized practice of law by representing herself when filing a petition in probate litigation between herself and the beneficiaries to modify and terminate the trust. (*Donkin*, *supra*, 47 Cal.App.5th at p. 473.) "The court distinguished *Ziegler* on the basis that the trustee in *Finkbeiner* '[was] not suing a third party. She filed the petition as part of her fiduciary responsibility to the court. [The trustee] correctly note[d] that trustees have various statutory duties. She was appointed by the court for the purpose of selling the property. She had a duty to account for trust assets, a right to seek her fees and a responsibility to notify the court if she felt maintaining an ineffective trust was wasteful to the trust estate. By filing her petition to modify and terminate the trust, she was simply fulfilling her duties as trustee. [Citation.] She was not engaged in the unauthorized practice of law.' (*Finkbeiner*, *supra*, 136 Cal.App.4th at p. 1421.)" (*Donkin*, at p. 473.) Like *Finkbeiner*, the *Donkin* court determined that the matter before it was "between trustees and trust beneficiaries in the context of probate proceedings, not between trustees and a third party in nonprobate litigation," and thus found the reasoning in *Ziegler* did not apply to preclude the trustees from appearing in propria persona. (*Ibid*.)

The matter before this court can be distinguished from *Downey* and *Hansen*, in that it involves proceedings filed in the probate matter. Yet, unlike in *Donkin* and *Finkbeiner*, and more akin to the facts of *Downey* and *Hansen*, here Leslie filed claims against third parties for the benefit of the beneficiaries of Frank's estate. That Leslie

12

brought the petition pursuant to section 850 does not alter the fact that she did so for the benefit of the estate's beneficiaries, including herself, rather than to fulfill her duties as executor and personal representative. That is not to say that Leslie did not have authority to bring the action on behalf of the estate. Clearly she did. Section 10553, a provision of the IAEA, specifically authorizes a personal representative to commence and maintain actions for the benefit of the estate, and to defend actions against the decedent or estate. But that statute does not address whether the personal representative must retain counsel in order to commence or defend actions authorized by section 10553. Nor does Leslie cite any legal authority that specifically allows the personal representative to proceed in propria persona in any such action.

Leslie contends that the full authority provided to her by the IAEA includes the right to proceed in propria persona, as the IAEA allows the appointed executor to sell real property without court supervision. (See §§ 10500, subd. (a), 10503, 10511.) The IAEA also allows the personal representative to obtain court supervision for any action taken by the representative during the administration of the estate. (§ 10500, subd. (b).) There is not a provision in the IAEA indicating that the personal representative can proceed in propria persona if he or she seeks court supervision via a petition filed under section 850. However, the IAEA contemplates situations where the personal representative will have an attorney, even if given full authority to administer the estate without court supervision. (See § 10501, subd. (a) [requiring court supervision for the allowance of compensation to the personal representative's attorney, as well as for other actions involving the attorney].) Construing these statutes as a whole, as we are required to do under basic principles of statutory construction (*People v. Gray* (2014) 58 Cal.4th 901, 906), we conclude that the mere existence of the IAEA does not eliminate the requirement that the personal representative retain counsel if proceeding against third parties for the benefit of the estate's beneficiaries.

13

Similarly, the fact that the Probate Code, outside of the IAEA, authorizes the personal representative to commence, maintain, and defend actions for the benefit of the estate or against the estate (§ 9820) and to bring an action against co-tenants for partition of any property in which the decedent left an undivided interest (§ 9823, subd. (b)), does not by implication allow the personal representative to do so without retaining counsel where those actions are brought for the benefit of the estate beneficiaries, and not in the furtherance of the representative's duties as executor and personal representative.

Leslie suggests that requiring her to obtain counsel to proceed with the complaint gave Caroline "carte blanche to steal the estate's real property[,]" as 20 days was insufficient time for Leslie to retain an attorney, particularly given the probate court's order denying her request to borrow against the estate so she could have funds to obtain counsel. There is no evidence in the record on appeal that Leslie requested additional time to obtain counsel and file an amended complaint. Rather, Leslie indicates in her appellant's opening brief that she did retain counsel on the 19th day after the court granted the motion to strike. According to Leslie, that attorney "committed complete malpractice, failing to ever do any work in this case as well as in the related cases (now also on appeal) as he had signed a contract with Leslie and her two siblings to perform." While this court recognizes that an attorney's failure to perform his or her obligations to a client places the client in a challenging position, it does not allow us to disregard the law precluding a nonattorney from representing others where unauthorized by the law.[12]

Leslie filed the instant appeal as the representative of Frank's estate. Although she had authority to file the notice of appeal without an attorney, her conduct in filing briefs and other pleadings as representative of the estate constituted the unlicensed practice of

---

[12] We reference Leslie's allegations regarding this attorney for informational purposes only. We offer no opinion as to whether the attorney committed malpractice, as Leslie alleges.

14

law, and those pleadings must be stricken.  (*Downey*, *supra*, 263 Cal.App.2d at pp. 780-782.)

B. *This Court has Authority to Hear Respondents' Motions to Dismiss*

Without citing any cognizable legal authority, Leslie contends that this court, as a court of review, does not have jurisdiction to consider Respondents' motions to dismiss, brought on the grounds that Leslie cannot prosecute the appeal in propria persona, as that is the same basis the trial court used to grant the motion to strike at issue in the appeal.  It is well established that appellate courts have jurisdiction to dismiss an appeal that has been abandoned by a failure to file an opening brief.  (See Cal. Rules of Court, rule 8.220(a); *Doran v. White* (1961) 196 Cal.App.2d 676, 677.)  As is clear from the legal authority cited by Respondents in the motions to dismiss, the pleadings filed by an appellant improperly proceeding in propria persona must be stricken.  (*Downey*, *supra*, 263 Cal.App.2d at pp. 780-782.)  As a result, there is no lawfully filed opening brief before us.  Leslie had sufficient notice that this was a potential result of these proceedings and failed to take corrective action by retaining counsel to file an amended opening brief. It is thus appropriate for us to dismiss the appeal.

### III.    DISPOSITION

The appeal filed June 12, 2017, amended July 19, 2017, is dismissed.

_____
Greenwood, P. J.

WE CONCUR:


_____
Bamattre-Manoukian, J.


_____
Bromberg, J.


Peralta v. Sanchez et al.
H045037

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SIXTH APPELLATE DISTRICT

Estate of FRANK JOSEPH SANCHEZ, Deceased.
_____

LESLIE ANN PERALTA,
Petitioner and Appellant,
v.
CAROLINE SANCHEZ et al.,
Objectors and Respondents.

H045037
Santa Clara County Super. Ct. No. 16PR178756

BY THE COURT:

The written opinion which was filed on August 9, 2023, has now been certified for publication pursuant to rule 8.1105(b) of the California Rules of Court, and it is therefore ordered that the opinion be published in the official reports.

(Greenwood, P. J., Bamattre-Manoukian, J., and Bromberg, J. participated in this decision.)

Date: _____          _____ P.J.

| Trial Court: | Santa Clara County Superior Court |
|  | Superior Court No.: 16PR178756 |

Trial Judge:                 The Honorable Rise Jones Pichon

| Petitioner and Appellant, | Pro Per |
| Leslie Ann Peralta: | |

| Attorneys for Objector and Respondent, | James L. Dawson |
| Caroline Sanchez: | Marc A. Eisenhart |
| | Gates Eisenhart Dawson |
| | |
| | Jon David Ives |
| | Severson & Werson |
| | |
| | Rita Ann Rehaste |
| | Sanders Rehaste Sternshein & Harvey LLP |
| | |
| | James Lambert Leestma |
| | Law Office of James Lambert Leestma |

| Attorneys for Objector and Respondent, | Jared Daniel Bissell |
| Nationstar Mortgage LLC: | Troutman Pepper Hamilton Sanders LLP |

H045037
Peralta v. Sanchez et al.