Filed 3/21/23 Turner v. Turner CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| ZENO TURNER, | B303062 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No.BC683650) |
| v. | |
| EARL LEROY TURNER et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Clifford L. Klein, Judge. Affirmed.

Zeno Turner, in pro. per., for Plaintiff and Appellant.

Freeman Mathis & Gary, Christian E. Foy Nagy for Defendants and Respondents Anthony T. Usher and VOS Real Estate, Inc.

## INTRODUCTION

Appellant Zeno Turner sued respondents Anthony T. Usher and Vos Real Estate, Inc. for alleged wrongs relating to the sale of real property belonging to Turner's mother, Florence Thomas. Turner asserted causes of action on his own behalf and on behalf of Thomas as her conservator. The superior court sustained respondents' demurrers to Turner's third amended complaint and fourth amended complaint, and entered judgment in favor of respondents. Turner appealed.

We affirm. Turner, in propria persona on appeal, may not represent Thomas as her conservator without counsel, and he does not personally have appellate standing to challenge rulings affecting only Thomas's rights. We therefore do not disturb the demurrer rulings on the causes of action alleged on Thomas's behalf. On the sole cause of action asserted by Turner individually—intentional interference with expected inheritance—Turner has not demonstrated the superior court erred in sustaining the demurrer or in denying leave to amend.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    Allegations

We summarize the allegations set out in Turner's third amended verified complaint (3AC) and fourth amended verified complaint (4AC), the relevant pleadings for purposes of the appeal. The earlier pleadings are not included in the record on appeal.

Florence Thomas is the mother of Zeno Turner, Earl Turner (Earl), and Joyce Sharp. Turner alleges that in 2014, Thomas was diagnosed with cognitive impairment and Turner moved into her home to be her caregiver. In March 2015, Thomas assigned to Earl power of attorney in fact, allowing Earl

2

to sell Thomas's home. Turner alleged that due to Thomas's cognitive impairment, this power of attorney was void. Turner alleged Earl had Thomas moved to a retirement home in Rialto in July 2015, and for months refused to reveal Thomas's whereabouts to Turner or Sharp.

Turner alleged that on June 8, 2017, defendant Usher, a real estate agent, visited Thomas at her retirement home and "was able to witness for himself her cognitive impairment."[1] On June 15, 2017, Usher visited Turner at Thomas's home, and Turner told Usher that Earl's power of attorney was invalid. Turner alleges that a paralegal, Kathy Smith, also told Usher that Earl did not have permission to sell Thomas's home, and that Turner had applied to be Thomas's conservator. (The relationship of Smith to the parties or the litigation is not explained in the complaint.)

Turner alleged that despite receiving this information, Usher and Vos Real Estate listed Thomas's home for sale. He alleged that "Usher and Vos had a duty to disclose these material facts to [the] buyer," New Ventures, LLC, and "[t]herefore, New Ventures is presumed to have had knowledge that the Power of Attorney was void." Attached to the complaints is a grant deed granting the property to New Ventures, signed on June 27, 2017 by Earl as attorney in fact for Thomas, and notarized on July 27, 2017. Turner alleged that although the property was worth $500,000, it was sold for $303,000. New Ventures then transferred the property to Cal Homes on August 15, 2017 as a

---

[1] In apparent contrast to this allegation, Turner also alleged that Usher "knew at this time that [Turner] was living in the home of Florence Thomas as her caregiver."

3

gift without consideration; the grant deed showing the transfer was attached to the complaints. Turner alleged this transfer was void because the initial transfer to New Ventures was void.

Turner alleged that Thomas's will "provides that each of her three children, Zeno, Earl, and Joyce, were to receive one-third of her estate." He alleged that Earl sold Thomas's property "in order to take all the proceeds of the sale for himself."

On September 7, 2017, the probate department of the Los Angeles Superior Court (the probate court) found conservatorship necessary for Thomas, and appointed Turner as conservator of Thomas's person. The probate court revoked Earl's power of attorney, and denied Earl's petition for conservatorship. On October 18, 2017, the probate court issued an order granting Turner's ex parte request to appoint him as temporary conservator of Thomas's estate, appointing Turner as temporary conservator of the estate until November 20, 2017.

Turner alleged that in November 2017 Cal Homes filed an unlawful detainer action against Turner and Sharp to remove them from the property. In January 2018, Cal Homes sold the property to new buyers, Carlo Barrientos and Chris Le, for $440,000. Turner noted that on the grant deed, the address for Barrientos and Le matched the address of New Ventures. Turner alleged that Usher, Vos, New Ventures, Cal Homes, Barrientos, and Le conspired with Earl to cheat Turner and Sharp out of their inheritance.

Turner alleged that on August 13, 2018, the probate court appointed Turner and Sharp as permanent conservators of Thomas's estate. Turner did not include this order as an exhibit.

Turner, individually and as Thomas's conservator, sued Earl, Usher, Vos, New Ventures, Cal Homes, Barrientos, and Le

4

on November 15, 2017. The only two complaints in the record on appeal are the 3AC, filed on August 17, 2018, and the 4AC, filed on April 17, 2019.[2] Turner contends the trial court erred with respect to its rulings on both the 3AC and 4AC, so we discuss both complaints briefly and the court's rulings, focusing on allegations involving the only parties relevant to this appeal, respondents Usher and Vos.

**B.     3AC and demurrer**

The 3AC, filed by an attorney, alleged causes of action for financial elder abuse, breach of fiduciary duty, intentional interference with expected inheritance (IIEI), quiet title, rescission, and constructive trust. The first three causes of action were alleged by Turner personally, not as Thomas's conservator. In the elder abuse cause of action, Turner alleged that he and paralegal Kathy Smith told Usher on June 15, 2017 that Thomas's power of attorney to Earl was invalid, so when Usher and Vos sold the property they were aware the transaction was unauthorized. In the cause of action for breach of fiduciary duty, Turner alleged that as a real estate agent and broker, Usher and Vos had a duty to Thomas, which they breached by relying on a void power of attorney in selling her property for below market value. In the cause of action for intentional interference with expected inheritance, Turner alleged Thomas's will divided her estate equally among Turner, Sharp, and Earl, and due to Thomas's cognitive impairment, her will could not be changed. Turner alleged that Usher and Vos interfered with Turner's expected inheritance by listing the property for sale in order to

_____

[2]     Respondents' demurrer to the second amended complaint and the ruling on that demurrer are in the record on appeal.

5

gain a commission, and the property was sold for below market value.

The causes of action for quiet title, rescission, and constructive trust were asserted by Turner as the temporary conservator of Thomas's estate. In the rescission cause of action, Turner sought to rescind the series of transactions relating to the property. The quiet title and constructive trust causes of action were alleged against defendants who are not parties to this appeal.

Respondents demurred to the 3AC, asserting that Turner failed to state facts sufficient to constitute causes of action against them. (Code Civ. Proc., § 430.10, subd. (e).) Respondents characterized Turner's allegations as "conclusive," and asserted that the complaint lacked facts supporting the contention that respondents had "actual knowledge" regarding the validity of the power of attorney or that the property sold for half its value. Regarding the cause of action for breach of fiduciary duty, respondents noted that the court's order on the demurrers to the second amended complaint stated that Turner was granted leave to amend his complaint "limited to the scope of the issues identified in the demurrers," but the breach of fiduciary duty cause of action against them was newly added to the 3AC. Respondents also contended that the IIEI cause of action was inadequately pled, because there was "no guarantee" that Thomas's property would not have been depleted by the cost of her care before Turner inherited it. Respondents pointed out that the rescission cause of action was newly added to the 3AC, and Turner had not alleged that respondents were parties to any contract to be rescinded.

6

Turner, acting in propria persona, opposed the demurrer. He asserted that the facts in the complaint were sufficient to state causes of action for financial elder abuse, IIEI, fiduciary duty, and rescission.

At the hearing on the demurrer on January 17, 2019, the court noted, "Unfortunately I only got this literally yesterday. I did my best to go through it. [¶] And – but I think I am comfortable with the rulings I am going to make, although it is difficult for me with this voluminous paperwork to make sure that I have covered everything. And I may need your help . . . ." Turning to Turner, the court stated, "[Y]ou are practicing law without a license. Okay? You keep continuing the case, you say you are going to have a lawyer. There is only . . . one cause of action where you can represent yourself, and that's the one involving [IIEI], and the person hasn't died yet." The court added, "You can't represent a conservator, which you are trying to do." Turner indicated that he understood. The court stated again later in the hearing, "[T]he intentional interference of the inheritance requires someone to be dead. Your mom is still alive, fortunately. [¶] So I can go through all of the reasons why, but the bottom line is that's the only one that you can do where you are representing yourself, and it's legally insufficient." The court also stated that rescission and constructive trust were remedies, not causes of action.

The court stated that it would sustain the demurrer and grant leave to amend so Turner could file an amended complaint "if he meets with a lawyer, and if the lawyer thinks these are legitimate cases." Counsel for New Ventures and Cal Homes questioned whether leave to amend should be denied, since Turner already had multiple chances to amend his pleadings.

7

The court commented that it would prefer to give Turner "his day in court" because "I am just concerned that since there is some evidence, apparently, that Earl sold the property when he shouldn't have."

The court issued a minute order, stating in part, "The Court grants leave to amend only on the complaint against Vos Real Estate and Earl Turner—only if Mr. Turner has an attorney, and only in his capacity as a conservator. [¶] As to New Ventures and Earl Turner, the Court finds that Zeno Turner cannot proceed with the case on financial elder abuse and intentional interference with expected inheritance, as Ms. Turner [*sic*] is not dead. The Court sustains the demurrer without leave to amend as to – intentional interference with inheritance and the rescission of constructive trust as they are not causes of action, but remedies. [¶] The demurrer is sustained with leave to amend on the causes of action for breach of fiduciary duty and financial elder abuse, in Mr. Turner's capacity as a conservator."

## C.    4AC and demurrer

Turner's 4AC was filed by an attorney on behalf of Turner individually and as Thomas's conservator. The 4AC re-alleged each of the previous six causes of action with minor changes, included causes of action against all defendants, and attached the same exhibits as the 3AC. The financial elder abuse and breach of fiduciary duty causes of action were edited to allege that they were asserted by Turner as Thomas's temporary conservator; the allegations were otherwise unchanged. Turner restyled the intentional interference with expected inheritance cause of action as a cause of action for intentional interference with prospective economic advantage. Turner edited the rescission cause of action to be a cause of action for "accounting or rescission," and left the

8

allegations unchanged except for adding a sentence stating that an accounting was needed.

Respondents demurred to the 4AC, asserting again that Turner failed to allege facts sufficient to state a cause of action. Respondents noted that the court sustained the previous demurrer without leave to amend for the causes of action for IIEI and rescission, and argued that Turner's renewed assertion of those claims was improper. They argued the 4AC lacked "any substantive amendment," and the lack of new facts rendered the 4AC deficient for the same reasons as the 3AC.

The record on appeal includes neither an opposition to the demurrer, nor a reporter's transcript of the demurrer hearing. The court issued a written ruling sustaining the demurrer without leave to amend. Regarding the cause of action for elder abuse, the court stated that Turner alleged "the elder abuse as based on allegedly intentional misconduct, yet he fails to assert any facts to constitute the requisite knowledge and intent." The court stated incorrectly, "In its ruling on the demurrer to the Third Amended Complaint, the Court sustained the demurrer as to that cause of action without leave to amend, yet [Turner], now represented by counsel, has reasserted it here. This is in violation of a clear court order, and so is good grounds for the Court to strike the cause of action sua sponte."

Turning to the cause of action for breach of fiduciary duty, the court stated that although Turner alleged defendants "intentionally and wrongfully acted for their own benefit," Turner "does not plead any facts to demonstrate how they had this intent. As such, he does not plead sufficient facts to support his own cause of action." The court acknowledged that Turner did "plead some facts by which [respondents] knew that the power of

9

attorney might have been invalid ([4AC, ¶ 115), but none why which [*sic*] they must have known that their actions were wrong or fraudulent." The court noted that the cause of action had not been changed from the version in the 3AC, showing that Turner was unable to plead a valid cause of action.

The court sustained the demurrer on the causes of action for intentional interference with prospective economic advantage and "accounting or rescission" on the grounds that leave to amend those causes of action had been denied, and Turner's re-assertion of them in the 4AC was in violation of the court's order. The court therefore sustained the demurrer without leave to amend.

The court entered judgment in favor of respondents. Turner filed a timely notice of appeal in propria persona, individually and not as Thomas's conservator.

## DISCUSSION

### A. Standing to appeal and appearance in pro per

Turner contends the trial court erred in sustaining the two demurrers. As a threshold issue, we address the scope of this appeal.

Turner, acting in propria persona, filed a notice of appeal, an opening brief, and a reply brief. Although the superior court informed Turner that he could not appear in propria persona as Thomas's conservator, neither party addressed this issue in their briefing on appeal. In addition, neither party addressed whether Turner, individually, has standing to appeal regarding causes of action that he asserted as Thomas's conservator. We issued a request for further briefing asking the parties specifically to

10

address these two issues, and the parties each submitted supplemental briefs.[3]

It is well established that "persons may represent their own interests in legal proceedings, but may not represent the interests of another unless they are active members of the State Bar." (*Hansen v. Hansen* (2003) 114 Cal.App.4th 618, 621.) "By definition, one cannot appear in 'propria' persona for another person." (*Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1830.) Thus, "a nonlawyer representing his mother's estate as conservator and executor cannot appear in propria persona on behalf of the estate" (*id.* at p. 1831), and a litigant "may not use [a] power of attorney as a device to practice law for his principal." (*Id.* at p. 1832.)

Here, Turner, acting in propria persona, purports to represent Thomas's interests on appeal as her conservator. He is not a licensed attorney, so he cannot practice law on Thomas's behalf. He asserts in his supplemental brief that he has a right to proceed in propria persona. Although Turner has the right to assert his own interests in propria persona, he may not assert Thomas's interests as her conservator without being represented by counsel.

Because Turner is limited to asserting only his own interests, we consider whether he has standing on appeal to allege error as to the causes of action asserted on Thomas's behalf. In the 4AC, he asserted three causes of action against

---

[3] Despite our specific request, respondents' supplemental brief did not address the issue of whether Turner could represent Thomas's interests while proceeding in propria persona.

11

respondents as Thomas's conservator: elder abuse, breach of fiduciary duty, and rescission/accounting.

Only a "party aggrieved may appeal." (Code Civ. Proc., § 902.) "'One is considered "aggrieved" whose rights or interests are injuriously affected by the judgment.' [Citation.] 'An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision.'" (*Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 293.)

Respondents assert that Turner lacks standing to assert error as to the causes of action he asserted against them on Thomas's behalf. They argue that Turner is not aggrieved because his rights were not affected by the judgment on these causes of action. We agree.

The causes of action asserted by Turner as Thomas's conservator concerned Thomas's rights and interests—not Turner's. Turner alleged Thomas had a right to be free of financial elder abuse, that respondents owed a fiduciary duty to Thomas and breached that duty in relation to selling Thomas's property, and that rescission or accounting was an appropriate remedy. None of these causes of action directly affected Turner's rights or interests, and he does not identify any of his own interests that have been affected by the superior court's demurrer ruling as to these causes of action. "Injurious effect *on another party* is insufficient to give rise to appellate standing." (*Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 67.) Thus, an "appellant 'lacks standing to raise issues affecting another person's interests.'" (*In re J.T.* (2011) 195 Cal.App.4th 707, 717; see also *In re Vanessa Z.* (1994) 23 Cal.App.4th 258, 261

["An appellant cannot urge errors which affect only another party who does not appeal."].)

Turner argues in his supplemental brief that he has standing on the elder abuse cause of action "[a]s an individual litigant," "[a]s heir to Florence Thomas," and "[a]s co-conservator" for Thomas. He does not address the other two causes of action. Turner also states that "[t]he death of the Conservatee was acknowledged on November 21, 2021." Notably, November 21, 2021 pre-dates the dates on which the parties' appellate briefs were filed, yet none of the briefs suggest that Thomas had died, despite the relevance of that fact to the issues on appeal, as discussed below. Even if Thomas has died, however, Turner has not established that he has standing. After the death of a victim of elder abuse, "the right to commence or maintain an action" under the Elder Abuse Act passes "to the personal representative of the decedent," or if there is no personal representative, to an heir, successor in interest, or other "interested person" as defined by statute. (Welf. & Inst. Code, § 15657.3, subd. (d)(1).) The parties have submitted no evidence of Thomas's death, nor have they offered any information as to the identity of Thomas's personal representative. Turner has not demonstrated that he has standing to assert Thomas's claims on appeal.

Because Turner cannot represent Thomas's interests in propria persona, and because he personally is not aggrieved by the court's ruling as to the causes of action asserted on Thomas's behalf, Turner may not assert error regarding these claims on appeal. We therefore do not consider his contentions as to the trial court's ruling regarding financial elder abuse, breach of fiduciary duty, or accounting/rescission. We turn to Turner's

13

challenge to the court's ruling on the one cause of action he asserted individually:  IIEI.

**B.     Intentional interference with expected inheritance**

"'A demurrer tests the legal sufficiency of the complaint.' [Citation.]  On appeal, an appellate court 'review[s] the complaint de novo to determine whether it alleges facts sufficient to state a cause of action.  For purposes of review, we accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law. . . .  When a demurrer is sustained without leave to amend, 'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.'  [Citation.]  Plaintiff has the burden to show a reasonable possibility the complaint can be amended to state a cause of action.'"  (*Dudek v. Dudek* (2019) 34 Cal.App.5th 154, 163-164.)  A judgment or order of the lower court is presumed to be correct, and the appellant has the burden of affirmatively showing error.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

Turner contends the superior court erred in holding that IIEI was not a valid cause of action.  He is correct that IIEI is a valid cause of action, but this was not the basis for the superior court's ruling. IIEI is "a widely recognized tort" (*Marshall v. Marshall* (2006) 547 U.S. 293, 312), and it is recognized in California.  (See, e.g., *Beckwith v. Dahl* (2012) 205 Cal.App.4th 1039, 1046 (*Beckwith*); *Gomez v. Smith* (2020) 54 Cal.App.5th 1016, 1025 (*Gomez*).)

The basis of the court's ruling was that Turner could not state a cause of action for IIEI while Thomas was still alive.  The court stated this several times at oral argument, and in the

14

written order sustaining the demurrer on the 3AC without leave to amend, the court stated, "the Court finds that Zeno Turner cannot proceed with the case on . . . intentional interference with expected inheritance, as Ms. Turner is not dead."

To state a claim for IIEI, a plaintiff must allege five elements: (1) expectancy of an inheritance, (2) causation, (3) "intent, i.e., that the defendant had knowledge of the plaintiff's expectancy of inheritance and took deliberate action to interfere with it," (4) "the interference was conducted by independently tortious means, i.e., the underlying conduct must be wrong for some reason other than the fact of the interference," and (5) damages. (*Beckwith, supra*, 205 Cal.App.4th at p. 1057.) The "independently tortious conduct" must be directed at someone other than the plaintiff; "'[t]he beneficiary is not directly defrauded or unduly influenced; the testator is.'" (*Id*. at pp. 1057-1058.)

Turner argues, "The only reason why a cause of action for [IIEI] is problematic when a testator is still alive is because the testator can (theoretically) change her will. In this case, [Thomas] could not change her will because she lacked capacity." No published California case has yet addressed the issue of whether the testator must be deceased to adequately allege a cause of action for IIEI. The testators were deceased in the two published California cases addressing IIEI, *Beckwith* and *Gomez.*

A comment in Restatement (Third) of Torts addresses this issue. Discussing the element of causation on an IIEI claim, it states, "If the testator has not yet died, a claim for interference with inheritance is not appropriate because the occasion for the inheritance to occur has not arrived." (Restatement (Third) of Torts: Liab. for Econ. Harm § 19, Interference with Inheritance or

15

Gift (2020).) Courts in other states have determined that a cause of action for IIEI is not ripe while the testator is alive. (See, e.g., *Whalen v. Prosser* (Fla. Dist. Ct. App. 1998) 719 So.2d 2, 5; *Labonte v. Giordano* (1997) 426 Mass. 319, 321.) We recognize that at least one jurisdiction has reached the opposite conclusion. (See *Harmon v. Harmon* (Me. 1979) 404 A.2d 1020, 1025; *Plimpton v. Gerrard* (Me. 1995) 668 A.2d 882, 886.) Turner's brief argument does not address the benefit or detriment of either position, and does not persuade us that the trial court's position—which appears to be consistent with the weight of authority on this issue—was erroneous.

Even if we were to assume an IIEI cause of action could be ripe before a testator's death, however, Turner has not addressed the remaining shortcomings in his factual allegations. Respondents point out, for example, that Thomas "requires care and thus there is no guarantee that her assets will not be depleted by the time of her death," undermining the elements of expectancy of an inheritance and causation. Respondents also assert that Turner failed to allege facts to show "intent, i.e., that the defendant had knowledge of the plaintiff's expectancy of inheritance and took deliberate action to interfere with it." (*Beckwith, supra,* 205 Cal.App.4th at p. 1057.) Although Turner has alleged respondents knew Turner intended to challenge Earl's power of attorney, he has not alleged facts suggesting that respondents knew anything about Thomas's will or that their intent in selling the property was to interfere with Turner's expected inheritance. Turner's briefs on appeal do not address these contentions, and therefore do not demonstrate that the court erred in sustaining the demurrer.

16

Turner argues the court erred in "requiring me to prove my case on demurrer," and "requiring the Plaintiff to prove that the defendants were aware the power of attorney was invalid on demurrer." He reiterates his allegations that he and paralegal Kathy Smith informed respondents that the power of attorney was invalid. However, we do not read the court's orders as requiring such proof. Even if respondents were aware the power of attorney was invalid, that fact does not establish that respondents were aware of Turner's expected inheritance or that they intended to interfere with it.[4]

Turner also has not demonstrated the court erred in denying him leave to amend this cause of action. An appealing plaintiff has the burden to demonstrate a reasonable possibility that the defect in the complaint can be cured by amendment by "'show[ing] in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.'" (*LeBrun v. CBS Television Studios, Inc*. (2021) 68 Cal.App.5th 199, 212.) Here, Turner has not demonstrated that the claim would be ripe before Thomas's death, nor has he suggested that he can amend the pleading to address the other factual

---

[4] Defying the court's order sustaining the demurrer on the 3AC without leave to amend this cause of action, Turner revised the 4AC to include a nearly identical claim characterized as intentional interference with prospective economic advantage. He does not assert on appeal that the demurrer to the intentional interference with prospective economic advantage cause of action should have been overruled.

17

shortcomings.  As such, he has not demonstrated an abuse of discretion.[5]

## DISPOSITION

The judgment is affirmed.  Respondents are entitled to costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, ACTING, P.J.


STONE, J.*

---

[5]     Turner posits that the court's errors may have been caused by the fact that the court received the court file the day before the hearing on the demurrer to the 3AC.  However, he does not point to any specific aspect of the ruling suggesting the court was unable to fully analyze the issues before it.

*     Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.