Filed 9/25/24  Plummer v. Kaiser Foundation Hospitals CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| EDWARD PLUMMER, JR.,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS, et al.,<br><br>        Defendants and Respondents. | A162565<br><br>(Alameda County Super. Ct.<br> No. RG14738005) |

This litigation arises out of the death of four-year-old Gavin Plummer, who received treatment for cancer from defendants Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc. (collectively Kaiser).  The trial court granted Kaiser's motion for judgment on the pleadings on the ground that Gavin's grandfather Edward Plummer, Jr. (Grandfather) lacks standing to bring claims arising from Gavin's death.  Grandfather argues on appeal that the court erred by denying him leave to amend his complaint to pursue the action in conjunction with Gavin's father Christian Plummer (Father)—against whom judgment was entered in 2016.  We shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This is the second appeal in this litigation.  As we recounted in our first opinion, Edward Plummer Jr. and Christian Plummer, representing themselves, filed this action against Kaiser in 2014 after the death of four-

1

year-old Gavin. (*Plummer v. Kaiser Foundation Hospitals* (July 10, 2018, A149662) [nonpub. opn.] [2018 WL 3359010, *1] (*Plummer I*)). Kaiser moved for summary judgment. (*Ibid.*) The trial court denied plaintiffs' request for a continuance to conduct additional discovery (Code Civ. Proc., § 437c, subd. (h)), granted Kaiser's motion, and entered judgment for Kaiser in 2016. (*Ibid.*) Grandfather Edward Plummer Jr. appealed, but Father Christian Plummer did not. (*Id.* at *1, fn. 2.) In *Plummer I*, we held the trial court abused its discretion by denying the continuance, vacated the judgment against Grandfather, and remanded for further proceedings. (*Id.* at *4-5.)

On remand, Grandfather sought to bring Father back into the case. He filed a 10-line ex parte request for an order allowing amendment to the complaint to "join [Father] as a plaintiff," stating that Father had recently appeared at a hearing and "is an indispensable party and materially interested in this action." On August 15, 2019, the trial court (Honorable Robert McGuiness) initially granted Grandfather's request without waiting for a response, but then denied it after Kaiser immediately filed an objection and the matter could be briefed and heard. The trial court issued a tentative ruling that Grandfather did not contest, and it became the order of the court denying the motion to amend complaint. The order, filed September 24, 2019, stated that "the only Complaint in this action was filed on August 25, 2014," and the request was moot because Father was already a named plaintiff; moreover, Grandfather was not the proper party to attack the judgment against Father and had not shown Father was an indispensable party to Grandfather's own claims.

On August 21, 2020, Kaiser moved for judgment on the pleadings on the ground that Grandfather did not have standing to bring claims arising from Gavin's death because the complaint admitted Gavin's father was still

2

living and thus Grandfather could not state facts sufficient to constitute a cause of action against Kaiser. Grandfather—now represented by counsel— filed an opposition in which he defended *Father's* standing, asserting that "the lack of standing issue has occurred because of a clear error" and it was a "mistake[]" if Father was "not included in the appeal." On September 22, 2020, the trial court (Honorable Jeffrey Brand) granted Kaiser's motion.[1]

On October 23, 2020, Grandfather filed a motion for reconsideration of the order granting judgment on the pleadings. He asserted that Father had transferred his claims to a trust controlled by Grandfather, and that these were "different facts and circumstances" from the time Kaiser's motion for judgment on the pleadings was granted one month earlier.

By order dated December 1, 2020, the trial court granted the motion for reconsideration but affirmed its order granting judgment on the pleadings. The court stated, "On reconsideration, the court affirms the order of 9/22/20. The order held that Grandfather had no standing under CCP 377.60 to sue for wrongful death. That has not changed. The order held that Father's claim was dismissed in the [summary judgment] order of 7/18/16 and Father did not appeal. That has not changed. [¶] Grandfather through the motion for reconsideration seeks to amend the complaint to add a claim on behalf of the newly formed Trust. Grandfather the individual is the plaintiff in this case. . . . Grandfather, as trustee for the Trust, represents different interests and is not a plaintiff in this case. [Citation.] [¶] In addition, the Trust does not appear to hold viable claims. Father may not revive his claims by transferring the claims to the trust so that Grandfather as trustee can pursue

---

[1] We augment the record on our own motion to include this minute order. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

3

the claims. Father's claims were dismissed as of 7/18/16, and Father transferred those dismissed claims to the trust."

Judgment was entered against Grandfather on February 16, 2021. Once again representing himself, Grandfather moved to vacate the judgment, which the trial court denied on April 29, 2021. Grandfather appealed.

## DISCUSSION

Grandfather, representing himself, contends that this appeal presents two issues: "a) Did the trial court commit a reversible error in granting Appellant's Request for Order Allowing Amendment To Complaint and then reversing said order upon objection by the Defendants?" and "b) Did the trial court abuse its discretionary power when it denied Plaintiffs' Complaint without leave to amend said complaint?" He does not address the trial court order affirming judgment on the pleadings following reconsideration or the court order denying his subsequent motion to vacate the judgment. Grandfather has forfeited any challenge to those rulings by failing to present any reasoned argument about them on appeal. (*Vitug v. Alameda Point Storage, Inc.* (2010) 187 Cal.App.4th 407, 412 (*Vitug*).)

As we will explain, Grandfather fails to show the trial court abused its discretion by denying him leave to revive Father's claims by amending the complaint, and he has forfeited any argument that he has direct standing to pursue this action.

A.      *Applicable Law and Standard of Review*

In furtherance of justice, the court may "allow a party to amend any pleading . . . by adding or striking out the name of any party." (Code Civ. Proc., § 473, subd. (a)(1).) Applying this provision, "courts have permitted plaintiffs [found] to lack standing . . . to substitute as plaintiffs the true real parties in interest." (*Branick v. Downey Savings & Loan Assn.* (2006) 39

4

Cal.4th 235, 243 (*Branick*).)  "Amendments for this purpose are liberally allowed."  (*Ibid*.)

Still, "a court has ample discretion to deny a motion for leave to amend where a proposed amendment is legally futile": in other words, where the facts are not disputed and the nature of the claim is clear, but the law does not recognize liability and no amendment would change that.  (*Jo Redland Trust, U.A.D. 4-6-05 v. CIT Bank, N.A.* (2023) 92 Cal.App.5th 142, 161–162 (*Redland Trust*).)  We review the trial court's ruling for abuse of discretion.  (*Branick, supra,* 39 Cal.4th at p. 242.)  The plaintiff bears the burden to show a reasonable possibility that amendment would cure the defect identified by the trial court.  (*Redland Trust, supra,* 92 Cal.App.5th at p. 162.)

B.    *Analysis*

Grandfather insists he never conceded he lacks standing to bring claims arising from Gavin's death.  But he presents no reasoned argument and cites no authority to show he does have standing.  Grandfather has forfeited this issue.  (*Vitug, supra,* 187 Cal.App.4th at p. 412.)

Rather than defend his own standing to bring this action, Grandfather seeks to maintain it by joining Father.  However, as the trial court observed, Father is already a party: he was named as a plaintiff in the original complaint.  The trial court entered judgment against Father in 2016, and Father did not appeal.  Under these circumstances, "adding" Father as a plaintiff or substituting him for Grandfather would be futile.  Grandfather fails to explain how amending the complaint would cure his own lack of standing or avoid the judgment against Father.  Without such explanation, Grandfather "cannot satisfy his burden to show a reasonable possibility he could cure the complaint's standing defect, and the trial court did not abuse

5

its discretion in denying leave to amend." (*Williamson v. Genentech, Inc.* (2023) 94 Cal.App.5th 410, 418.)

Grandfather claims it was inadvertent that Father did not appeal the judgment entered in 2016 after the trial court granted Kaiser's motion for summary judgment against Grandfather *and* Father. (This is Grandfather's appeal that resulted in our opinion in *Plummer I*.) But he points to no record evidence establishing Father's intent in this regard and does not explain why Father himself never sought to vacate the judgment against him and continue the action. (See Code Civ. Proc., § 473, subd. (b) [trial court may relieve a party "from a judgment . . . taken against him or her" through "mistake, inadvertence, surprise, or excusable neglect"].)

Grandfather seems to believe he may represent Father's interests in this matter so that Father does not need to participate directly, but in this he is mistaken. The right to represent oneself in propria persona in civil proceedings "is firmly embedded in California jurisprudence." (*Baba v. Board of Supervisors* (2004) 124 Cal.App.4th 504, 526.) But a litigant who is not an active member of the State Bar has no right to represent the interests of another person. (*Hansen v. Hansen* (2003) 114 Cal.App.4th 618, 621.) "By definition, one cannot appear in 'propria' persona for another person." (*Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1830.) "In line with that prohibition, courts have held . . . that a nonattorney mother cannot represent her minor son in propria persona in a paternity action [citation], a juvenile cannot have his nonlawyer father assist in his defense or represent him [citation], and a nonlawyer representing his mother's estate as conservator and executor cannot appear in propria persona on behalf of the estate." (*Id.* at pp. 1830–1831.) By the same token, Grandfather cannot represent Father in propria persona to bring claims arising from Gavin's death.

6

Grandfather contends he advised the trial court that Kaiser was notified he would be acting on Father's behalf "when and where necessary." He refers to an "allegation" that Father authorized him to discuss Gavin's medical condition with and receive Gavin's medical records from Kaiser. Grandfather points to no record evidence supporting these assertions, and the complaint does not allege any such facts. In any case, even assuming this is all true, the fact that Father wanted Grandfather to be informed about Gavin's medical care does not mean Grandfather is entitled to bring this litigation on Father's behalf in propria persona. As we have discussed, he is not.[2]

Grandfather further contends that Father is an indispensable party to the action. But this is incorrect. As we have stated, Father *is* a party. He has appeared in the case and there is a judgment against him. As such, whatever claims Father may have had do not create a risk that the parties cannot obtain complete relief or may incur inconsistent obligations, and it cannot be said that Father's own interest has been impeded "in his absence"—not in the way those terms are used in the relevant statute. (See Code Civ. Proc., § 389, subd. (a).)

According to Grandfather, Kaiser has made Father indispensable by arguing that "the action must be dismissed if [he] is not a party." What Kaiser has argued is that Grandfather lacks standing to bring this lawsuit. A defect in Grandfather's asserted claims does not entitle him to pursue

---

[2] In his reply brief, Grandfather argues for the first time that we should apply the doctrines of unclean hands and judicial estoppel to bar Kaiser from challenging his standing. "We need not, and typically do not, address arguments raised for the first time in a reply brief." (*People v. Wilson* (2023) 14 Cal.5th 839, 872, fn. 11.) We decline to address these arguments.

claims that belong to Father on the theory that Father is "indispensable" to Grandfather's objective in the colloquial sense.

In sum, Grandfather does not show that amending the complaint would salvage his own claims or Father's.  The trial court was within its discretion to deem the proposed amendment futile and deny the requested "joinder." (See *Bianka M. v. Superior Court* (2018) 5 Cal.5th 1004, 1018 [ruling on joinder reviewed for abuse of discretion].)

## DISPOSITION

The judgment is affirmed.[3]  Each party shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

---

[3] Given our ruling, we need not address Grandfather's request that we issue a stay.  Finally, Grandfather appears to claim Kaiser has not paid the costs of his appeal in *Plummer I*.  This issue is not before us in this appeal, and Grandfather fails to provide a record demonstrating what he has done to secure and enforce an award of costs (see Cal. Rules of Court, rule 8.278, subd. (c)).

_____

Miller, J.

WE CONCUR:

_____

Stewart, P. J.

_____

Richman, J.

A162565, *Plummer v. Kaiser Foundation Hospitals et al.*

9